## LATHROP vs. FERGUSON.

A party who has an equitable right to a sheriff's deed but has not obtained *the deed* itself, is not entitled *as standing in the place of a grantee* of the judgment debtor to redeem the land of which he is entitled to a deed from the effect of a subsequent sale, although he was delayed in obtaining his deed by an *injunction* sued out on a bill in chancery filed by the judgment debtor.

As against the judgment debtor, under the doctrine of *relation*, the deed of the party thus seeking a redemption, would be deemed to have been executed on the day when it ought to have been executed; but that doctrine does not apply to the purchaser at the subsequent sale, or his assignee, unless he was an actor or privy in producing the refusal of the sheriff to execute the deed.

THIS was an action of *ejectment*, tried at the Oneida circuit in May, 1838, before the Hon. JOHN WILLARD, one of the circuit judges.

The plaintiff claimed to recover the premises in question under a sheriff's deed bearing date 28th February, 1835, in pursuance of a sale by virtue of an execution issued upon a judgment against the *defendant, Daniel Ferguson,* in favor of one Samuel B. Ferguson. The sale took place 4th July, 1832, and the premises were struck off to one Barnhardt Nellis. On the 4th October, 1833, the day on which Nellis would have become entitled to his deed, the now plaintiff, Albert W. Lathrop, redeemed the land as the *assignee* of a judgment rendered against Daniel Ferguson on 4th October, 1833, but did not obtain a deed until 28th February, 1835. The *defendant* claimed to hold the premises as the *tenant* of Barnhardt Nellis, to whom the premises were conveyed by a sheriff's deed bearing date 30th September, 1834, in pusuance of a sale by virtue of an execution issued upon a judgment against *Daniel Ferguson,* in favor of John D. Nellis and others. The sale upon this execution took

place 29th June, 1833, and the premises in question were struck off to the now plaintiff, Albert W. Lathrop, who, on 23d August, 1833, assigned the certificate of sale which had been issued to him, to W. J. Bacon, and Bacon, on 23d October, 1833, assigned to Barnhardt Nellis, who in pursuance thereof obtained his deed on the 30th September, 1834. To rebut which evidence, on the part of the defendant, *the plaintiff offered to prove* that on 28th June, 1834, he exhibited to the sheriff evidence of what had transpired on the 4th October, 1833, in reference to his attempt to redeem the premises from the sale which took place on the 4th July, 1832, as above stated, and that the sheriff refused to execute a deed to him, because he had been requested not to do so by Barnhardt Nellis, who had indemnified him against the consequences of such refusal; that he told the sheriff that he deemed himself, under the circumstances, the *grantee* of the now defendant, notwithstanding that he had not obtained a deed, and in that character claimed to redeem the premises from the effect of the sale of the 29th June, 1833, and thus extinguish the right of Barnhardt Nellis, and with that view paid into the hands of the sheriff the proper amount of money, but failed to obtain a deed; *and further offered to prove,* that he had been delayed in obtaining his deed under the redemption made by him on 4th October, 1833, by means of an *injunction* from chancery, obtained by the now defendant, on the filing of a bill on the 16th October, 1833, which injunction was not dissolved until 19th February, 1835, and with that view offered to produce the proceedings in chancery : all which evidence thus offered to be given was objected to by the defendant's counsel and rejected by the judge, who ruled that the plaintiff not having obtained a conveyance on *28th June,* had no right, *as a grantee of the defendant,* to redeem the premises from the effect of the sale of the 29th June, 1833. Whereupon the jury under the direction of the judge found a verdict for the defendant, which the plaintiff now moves to set aside.

*W. C. Noyes*, for the plaintiff.

*C. P. Kirkland*, for the defendant.

*By the Court*, Cowen, J.   The first question is, whether one who has acquired an equitable right to an absolute deed from a judgment debtor, or which, in this case, is the same thing, from the sheriff who sold his interest, is entitled to redeem within the 2 *R. S.* 293, § 46, *sub.* 3.   The words of the act are too plain for question.   They are, that "any grantee" [of the judgment debtor] "who shall have acquired an absolute title by deed, sale under mortgage, or under an execution, or by any other means," may redeem.   The plaintiff, when he applied to the sheriff and offered to redeem, had not acquired title by deed.   An *actual deed* is necessary to constitute a grantee, having a right to redeem as deriving title from the judgment debtor.   The sheriff is not bound to regard an equitable title.   If that may be considered any where, as equivalent to a deed, it can only be so in chancery.   The defendant holds and defends under Barnhardt Nellis' title ; not his own.   Nellis' title is paramount to that of the plaintiff.   The judgment under which he (Nellis) claims is older than that under which the plaintiff claims ; and his (Nellis') deed is prior in date.   It is true that, had the plaintiff succeeded in obtaining a deed, and in his effort to redeem, as the holder of the defendant's title, he would have secured a legal preference, and been entitled to recover ; for I do not think that his merely assigning the right which he acquired as purchaser at the second sale, would preclude him.   It was a naked assignment, without covenants assuring an ultimate title ; a mere transfer or quit-claim of his own rights.   It did not prevent his afterwards acquiring a right to redeem, by obtaining the place of the defendant.   But Barnhardt Nellis got the start of him ; and, for aught I see, without fraud, or any positive interference on his part, by way of holding the sheriff back and preventing him from giving such a deed to the plaintiff on the 4th of October, 1833, or afterwards, as would have entitled him to redeem on the 28th of June, 1834.   I do not collect from the papers before us, that the

Lathrop v. Ferguson.

plaintiff offered to prove collusion between Barnhardt Nellis and the sheriff, in withholding the deed, nor that the sheriff withheld it at his request, or in consequence of his indemnity. The proof offered was of a notice and an *ex parte* affidavit, served on the sheriff, June 28th, which embodied the assertion of Barnhardt Nellis' interference, with other facts. If there had been a distinct, substantive, independent offer to prove that he had made himself the instrument of preventing the deed, and had thus influenced the sheriff, the case would have presented a very different point for our consideration, especially in respect to the relation of the deed which the plaintiff afterwards obtained on the 28th of February, 1835. True the plaintiff offered to show that he was baffled from October 16th, 1833, to February 19th, 1835, by a bill which the *now defendant* and his wife filed, and the injunction which they obtained ; but Barnhardt Nellis was not proposed to be in any way connected with that suit. The judge, therefore, was clearly right in deciding that the proceedings in chancery were *res inter alios acta.* When Barnhardt Nellis is shown to have been the real actor who baffled the plaintiff by his acts *in pais*, or by efforts to get up the chancery suit, it will be time enough to bring down upon him, the consequences contended for.

I have thus anticipated, in a great measure, the argument against allowing the deed of February 28th, 1835, to relate back to, and be considered as a deed of the 4th of October, 1833. There could not be the least difficulty in giving effect to this relation, had Barnhardt Nellis been the man who prevented the deed from then being given. But no proof to that effect was offered in any shape. A mere notice to the sheriff of the circumstance did not make it true, nor tend to its establishment. The plaintiff did not seek to redeem as assignee of a judgment creditor, by paying up the whole incumbrance ; but he came as grantee, or one having acquired the title of the judgment debtor, and therefore being entitled to redeem, on refunding the money paid by the man who stood in place of himself by virtue of the assignments.

The doctrine of relation would apply as against Ferguson, the now defendant. But Barnhardt Nellis, who is the real defendant, and whose title the nominal defendant holds, must, we have seen, be considered a third person, a stranger, who has acquired a title paramount to that of the plaintiff, when regarded as holding according to the actual date of his deed. The doctrine of relation, which was insisted upon so strenuously on the argument, is highly salutary as against a party who has himself been any way instrumental in withholding the deed at the proper time. It was adopted by courts of law in analogy to the rule in chancery, that what ought to be done at a certain day, shall be considered as done. But the whole is a fiction raised and carried out into such consequences as will prevent fraud upon the party to whom the violated duty was due. If a third person, neither having nor assuming to exercise any control in preventing performance, acquire a legal and executed right, which is truly prior in time, he is also deemed prior in law and equity, and entitled to hold without prejudice from the fiction. In short, this shall never be perverted to the purposes of fraud. *Ventris, J., in Thompson* v. *Leach,* 2 *Ventr.* 200. *Jac. Law Dict. Relation.* For aught that appears in the case before us, Barnhardt Nellis stood aloof from the sheriff and the defendant's chancery suit. The embarrassment of the plaintiff arose without any fault of his. The contest lay between the plaintiff and the judgment debtor; and while the title, as between them, under the junior judgment remained open and inchoate, Barnhardt Nellis shut the plaintiff out by a perfect title acquired under the senior judgment.

New trial denied.