By the Court,
Cowen, J.
The master’s sale passed the title presently; and the objection that this suit was prematurely brought cannot avail. In England it would have been otherwise, because the deed is there withheld till the final order confirming the sale be made absolute; but all their cases declare the law as it is now claimed to be by the plaintiff’s counsel; viz. that the title vests at the date of the conveyance. (Hoffm. Master, 220, 222; Ex parte Manning, 2 P. Wms. 410 ; Blount v. Blount, 2 Atk. 637.) In Ex parte Minor, (11 Vesey, 559,) mainly relied on by the counsel for the defendant, the difference of practice as to the time of giving the deed appears. The lord chancellor says, “ though confirmed as the best purchaser, if he had not got the conveyance, he wo'uld have been entitled to say the estate was not his.” Indeed I suspect this is the first time it was ever contended that a regular deed in fee would not pass the title at the time of its delivery. Beside, *174 if it were possible to doubt of such a proposition, all question Would be removed by the doctrine of relation. The sale and deed being afterwards confirmed by an order, this related to the = date of the deed ; thus overreaching the claim of a mere intruder into the premises. (Jackson, ex dem. New Loan Officers, &c. v. Bull, 1 John. Cas. 81 ; Jackson, ex dem. De Forest, v. Ramsay, 3 Cowen, 75 ; Jackson, ex dem. Noah, v. Dickenson, 15 John. 309; Bissel v. Payn, 20 id. 3 ; Klock v. Cronkhite, 1 Hill, 107 ; Lathrop v. Ferguson, 22 Wend. 116 ; Nellis v. Lathrop, id. 121, 122.)
If we concede that the defendant came in by contract to purchase of Schermerhorn, the case is not varied; for the verdict finds as strongly and in the same breath, that he had failed to make his payments, and disavowed all intent to make them, though the plaintiff offered to continue the possession to him if he would, and finally to make him a title on the same terms as Schermerhorn had agreed to. This shows him to be as effectually a wrongdoer as if his original entry had been without color of right.
But the jury have merely stated the evidence of the defendant coming in under Schermerhorn. Such evidence must go for nothing. A special verdict must find facts ; not the evidence of facts. If it be material, therefore, to either party, that the defendant claimed under Schermerhorn, more should have been found than his mere admissions in conversation with the plaintiff on his demanding possession. The defendant must consequently be regarded, for all purposes, as a mere stranger. The distinction is probably of very little consequence ; for not coming in pedente lite, nor being made a party, the decree can have no bearing upon him merely by way of estoppel. He could not be turned out of possession by an execution on the decree. (Kershaw v. Thompson, 4 John. Ch. Rep. 609; Valentine v. Teller, Hopk. 422.) Nor can he be regarded as in any degree bound or affected as party or privy. (Haines v. Beach, 3 John. Ch. Rep. 459 ; Watson v. Spence, 20 Wend. 260.)
*175 The record in chancery is, however, evidence of its own existence;, and may be received as a muniment of title against the defendant, as well as against any other stranger; like a judgment on which a sheriff has sold. In this view, I see nothing that the defendant can oppose to the plaintiff. The jury find enough to give him a complete right. They find that the mortgagor being seised in fee, mortgaged to the company, who foreclosed and sold through a master, and the master conveyed to the plaintiff; Schermerhorn and all other proper parties being brought into court, and the defendant being a mere naked possessor. True, he was in before the bill was filed; but he had taken no title by which he stands connected in any way with the mortgagor, or those claiming under him. No right of his is overreached, because he had none. In Watson v. Spence, the interest of the mortgagor was sold out to third persons before the bill was filed against him. Nothing was left in him to foreclose when the bill was filed ; yet it was against him alone. Here every thing was left in Schermerhorn. The decree and sale operated upon his interest. It passed all that to the plaintiff as effectually as if the deed had been under his own hand. In Haines v. Beach, the person claiming to be unprejudiced by the decree, because not made a party, was a subsequent incumbrancer. It is enough, in the case at bar, to say that a foreclosure against the true owner who gives a mortgage, will make a good title in the purchaser as between him and the owner; a proposition which is very clear.
It need not be denied that, had the sale in question been made under a power contained in the mortgage, the auction must have been in the counties respectively where the lands lie. But the provision in the charter does not take away the jurisdiction of the court of chancery. That court proceeds irrespective of any conventional power to foreclose. Even if the provision be regarded as mandatory and restrictive upon that court, it is but directory; and the most that could have been done by way *176 of impeaching the decree, was to appeal. The proceeding cannot be enquired into collaterally. The decree binds till it is reversed. The clause in the charter may be satisfied by confining it to a summary foreclosure by advertisement.
The decree contains, in effect, a direction to sell in the county of Orleans. It describes the greater part of the mortgaged premises as lying in that county ; and then directs a sale in the county where the greater part lies. The master governed himself by the location appearing on the face of the decree ; in which he was right. The chancellor had power to give the direction. If that direction was irregular or inexpedient, the whole matter would, no doubt, have been set right on Schermerhorn or either of the other defendants moving the chancellor to have it corrected, at any time before the sale was confirmed. The defendants in the chancery suit are the only persons who could ever be heard to complain ; and the day has gone by even for them. Above all, it is not for the defendant, a mere stranger, to come in and raise the objection collaterally. The case may be put in this way : The decree misjudges on a material fact, the location of the land; and a stranger claims to contradict it by a special verdict.
The plaintiff is entitled to judgment on the special verdict, according to the claim of his declaration.
Judgment for the plaintiff.