Palmer v. Miller.

————— •••• —————

25b 399
13ap546

## PALMER *vs.* MILLER and others.

A mortgage, executed by an infant, like other executed contracts of infants, is valid until some act is done by him to avoid it.

The subsequent execution of a deed of the mortgaged premises, to a third person, without referring to the mortgage, will not amount to a repudiation of the mortgage. Where the contrary is not expressed, the intent of the deed will be deemed to be that the grantee shall take subject to any prior mortgage.

Where an infant executes a mortgage, and after he becomes of full age, he acknowledges and redelivers it, the subsequent acknowledgment is a ratification of the instrument, and relates back, in its effect, to the original delivery, and affects all intermediate sales, except for a new and valuable consideration.

It will therefore cut off a voluntary conveyance executed by the mortgagor, to another person, in trust for the wife and children of the grantor, executed after the making, and before the acknowledgment, of the mortgage.

APPEAL by the defendants from a decree of foreclosure, made at a special term. On the 13th of February, 1854, the defendant, Michael Miller, executed a bond and mortgage to

W. K. Strong, to secure the payment of $5000. On the 13th of November following, he executed another bond, and a mortgage on the same premises, to the plaintiff, Palmer, to secure the payment of the sum of $5000. He was not of full age until December of that year. In the month of January, 1855, he executed a deed of the same premises to W. K. Strong in trust for his (the grantor's) wife and children, without receiving any valuable consideration. Subsequently, on the 15th of April, 1855, he and his wife went before a commissioner and acknowledged the execution of the mortgage given to the plaintiff, and re-delivered it to him, and it was recorded after the trust deed. About the same time, Miller paid to the plaintiff one hundred and thirty dollars, in the note of a third person, to apply on the mortgage. The plaintiff brought this suit to foreclose the mortgage, and to set aside the trust deed. The court below held the mortgage to be a valid lien upon the premises, and entitled to priority over the trust deed, and directed a foreclosure of such mortgage, and a sale of the mortgaged premises ; subject however to the lien of the prior mortgage given to W. K. Strong.

*Wm. Curtis Noyes,* for the appellants. I. The bond and mortgage being given by an infant, were executory contracts, and required ratification ; or, at least, were voidable at his instance, and incapable, in that event, of being the foundation of an action. (*Bigelow* v. *Grannis,* 2 *Hill,* 120.)

II. The execution of the trust deed by him, immediately on coming of age, was an election to avoid them, and was a disaffirmance of them, and of their binding force, of the most positive character. The acknowledgment of the bond and mortgage did not affirm them, but was simply an admission of their due execution at their dates.

III. By the trust deed, Mrs. Miller and her children, through the trustee, became seised of an equitable interest in the premises, which Miller could not by any act of his own, without their legal consent or concurrence, affect or impair in

any way. As he could not revoke it by a new grant, he could not indirectly do the same thing in effect, in any other mode.

IV. If the re-affirmance of the mortgage, as the judge held, " had relation back to its date, and gave it vitality from that time," still such relation could only affect Miller, and could not impair the right of any person, acquired in the mean time. That doctrine is applied always to prevent injustice, as against the party himself, and never to the prejudice of third parties. (*Lathrop* v. *Ferguson*, 22 *Wend.* 116.)

The judgment should therefore be reversed, and a decree directed postponing the mortgage to the trust deed.

*John N. Taylor*, for the plaintiff. I. The mortgage deed of a minor is not void, but voidable only. (*Bool* v. *Mix*, 17 *Wend.* 119. *Dominick* v. *Michael*, 4 *Sandf.* 418.)

II. Miller never avoided this mortgage, but, on the contrary, affirmed it, after he came of age. (1.) By acknowledging and re-delivering it at the plaintiff's request. (2.) By paying the plaintiff $130 on account. (3.) By keeping possession of the money he received for the mortgage. If an infant seeks to dis-affirm a contract upon which he has received money, he can only do so by returning the money. To keep the money is evidence of a confirmation. (*Kitchen* v. *Lee*, 11 *Paige*, 107. *Bartholomew* v. *Finnemore*, 17 *Barb.* 428. *Badger* v. *Phinney*, 15 *Mass.* 363. *Holmes* v. *Blogg*, 8 *Taunt.* 508. *S. C.* 2 *Moore*, 552. *Boyden* v. *Boyden*, 9 *Met.* 519. *Delano* v. *Blake*, 11 *Wend.* 85.) If he seeks to avoid a conveyance, he must refund the consideration money received by him. (*Smith* v. *Evans*, 5 *Humph.* 70. *Hillyer* v. *Bennett*, 3 *Edw. Ch. R.* 222.)

III. An infant's deed is not avoided by the mere execution, after he attains his age, of another conveyance, even to a purchaser for value. (*Bool* v. *Mix. Dominick* v. *Michael, supra*, 421. *Eagle Fire Ins. Co.* v. *Lent*, 6 *Paige*, 635.)

IV. The trust deed is fraudulent and void as to the plaintiff's mortgage, and must be postponed, to it, because, (1.) It contains a trust for Miller's own benefit for his life, after his wife's

death. (*Leitch* v. *Hollister*, 4 *Comst.* 211.) (2.) It is a mere voluntary conveyance, made subsequently to the mortgage, without any valuable consideration; while the mortgage was executed to cover an actual advance of money. (2 *R. S.* 134, § 1.) The recording of such a deed gives it no priority, as it was for no new valuable consideration. (1 *R. S.* 756, § 1.)

*By the Court*, MITCHELL, P. J. A mortgage is an executed contract, and gives a present interest in or to the land, by way of lien upon it. It is a deed, to be void on a certain event. Like other executed contracts of an infant, it is valid until some act is done by him to avoid it. In this case the infant did no such act. The deed to Strong, the trustee, did not refer to the mortgages; it simply "conveyed all the undivided moiety of all those certain lots" in question. The grantee under such a deed would take subject to any prior mortgages. Such would be its intent, when the contrary was not expressed. It is impossible, then, to infer that this deed repudiated, or was intended to repudiate, the mortgage to the plaintiff. The subsequent acknowledgment of the mortgage was a ratification of it, and related back, in its effect, to the first delivery, and affected all intermediate persons except purchasers for a new and valuable consideration. The trustee was not such a purchaser. There was no valuable consideration for the deed to him. (*See* *Stafford* v. *Roof*, 9 *Cowen*, 626; *Bigelow* v. *Grannis*, 2 *Hill*, 120; *Lathrop* v. *Furguson*, 22 *Wend.* 116; *Bool* v. *Mix*, 17 *id.* 119; *The Eagle Fire Co.* v. *Lent*, 6 *Paige*, 635; *Dominick* v. *Michael*, 4 *Sand.* 418.)

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, September 14, 1857. *Mitchell, Roosevelt* and *Peabody*, Justices.]