## State *v.* Plaisted.

An infant's mortgage of personal property is not void but voidable; and it is binding until it is avoided.

Any act by the infant clearly showing his intention not to be bound by the mortgage, is a sufficient avoidance of it.

The question, what is a reasonable time, is for the jury, under the instructions of the court, where it depends upon a variety of circumstances to be passed on as matters of fact.

Our statutes require the written consent of the mortgagee of a chattel to justify its sale by the mortgagor, and a verbal consent of the former is no answer to an indictment under the statute against the mortgagor for the sale of such property.

This was an indictment alleging that the respondent had, on the 23d day of August, 1858, mortgaged a certain horse to one Jacob Woods, which mortgage had been duly executed, and the proper oath thereon had been subscribed and sworn to by said Plaisted and said Woods, and that said mortgage had been duly recorded in the office of the city clerk of the City of Concord, being the city in which the said Plaisted resided at the time of making said mortgage; and that afterward, namely, on the 30th day of October, 1858, while the debt secured by said mortgage was unpaid and said mortgage was in full force, and in no way canceled or discharged, the said respondent, without the consent in writing of the said Woods, the mortgagee, on the back of said mortgage and on the margin of the record thereof, in said office where said mortgage was and is recorded, fraudulently, &c., sold said horse to one James Hicks, of Lancaster, in said county, who had been greatly damaged in consequence, and was the party injured by such sale.

And now at this term the respondent offered to prove that at the time when he signed the note secured by said mortgage, and when he executed said mortgage and took and subscribed said oath, he was an infant under the age of twenty-one years;—

And, also, that prior to the time of said sale of said horse, and after the execution of the said mortgage, the said Jacob Woods, the mortgagee, had given his verbal consent and permission to the respondent to sell and dispose of said horse.

The court ruling that these facts, if proved, would constitute no defense, and the respondent excepting, it was agreed by the State's' and respondent's counsel that the questions of law raised by said ruling should be transferred as an agreed case, to be determined, and that either party should thereafter have the right to trial by jury.

*Whidden*, Solicitor, for the State.

*Burns & Fletcher*, for the respondent.

Bartlett, J. If the mortgage of the infant were to be regarded as an executory contract, it would be invalid until it was ratified; and if it is deemed an executed contract, it is binding until it is avoided. *Edgerly v. Shaw*, 25 N. H. 516; *Carr v. Clough*, 26 N. H.

295. The decision in *Insurance Co. v. Noyes,* 32 N. H. 345, is not in conflict with these cases, for the contract there was not executed. A mortgage of real estate by a minor is deemed an executed contract. *Palmer v. Miller,* 25 Barb. 399; *Roberts v. Wiggin,* 1 N. H. 74; *Robbins v. Eaton,* 10 N. H. 563; *Eagle Ins. Co. v. Lent,* 6 Paige 638. All contracts of infants taking effect by manual delivery, so as to convey an interest and not a mere power, are not void but voidable. *Zouch v. Parsons,* 3 Burr. 1804; *Bool v. Mix,* 17 Wend. 131; 2 Kent 236, 237, and n.; McPherson Inf. 468. The mortgage here took effect by delivery, and passed title to the mortgagee. *Fergurson v. Clifford,* 37 N. H. 99; *Call v. Gray,* 37 N. H. 433; *Leach v. Kimball,* 34 N. H. 570; *Barker v. Hall,* 13 N. H. 302; *Fuller v. Rounceville,* 29 N. H. 562. We see no reason, therefore, to except a mortgage of chattels from the general rule which is applied to mortgages of real estate. *Heath v. West,* 26 N. H. 198; S. C. 28 N. H. 108; *Low v. Gist,* 5 Har. & J. 106, and n. Any act of the defendant clearly showing his intention not to be bound by this mortgage, is a sufficient avoidance of it. *Heath v. West,* 26 N. H. 199; *Roberts v. Wiggin,* 1 N. H. 75; *Campbell v. Cooper,* 34 N. H. 67; 2 Kent 237, and n.; Chit. Cont. (10th Am. Ed.) 155, and n. We think an unconditional sale of the mortgaged chattel is such an act. The case does not show whether, at the time of the sale, the defendant was a minor; if he was he might avoid an absolute sale of the chattel; *Carr v. Clough,* 26 N. H. 293; and of course this mortgage. If he were of age, and it were to be held that he must disaffirm the mortgage within a reasonable time after attaining his majority (see *Richardson v. Boright,* 9 Vt. 370; 2 Kent 238, 239, and n.; Chit. Cont. 170–173, and n.; 256, and n.; Story Cont., sec. 72; 2 Greenl. Ev., sec. 369, and n.), still the question, what would be a reasonable time in this case, would depend upon the circumstances, and would be for the jury, under the instructions of the court. *Odlin v. Gove,* 41 N. H. 476; *Tyler v. Webster,* 43 N. H. 147. It is unnecessary, therefore, to inquire whether there is any such requirement as to a reasonable time in a case like the present.

We do not think the verbal consent of the mortgagee to the sale is a sufficient answer to the indictment, as the statute expressly requires a written consent to justify a sale. Rev. Stat., ch. 132, sec.8–10.

Another question might arise in this case, whether, if the mortgage were avoided, the vendee could be a party injured by the sale, within the meaning of the statute; but the views we have expressed seem to dispose sufficiently of the questions transferred.

Our opinion must, therefore, be certified to the court at the trial term that the evidence of the minority of the defendant at the time of the execution of the mortgage, was competent; but that the verbal assent of the mortgagee to the sale of the mortgaged chattel furnishes no defense to this indictment.