Mitchell *v.* Bartlett.

———————— ♦ ————————

## MITCHELL *vs.* BARTLETT.

A purchaser at a foreclosure sale is not entitled to the rents of the mortgaged premises which accrue between the sale and the delivery of the deed, where such purchaser does not complete his purchase at the time designated in the terms of sale.

Thus, where the purchaser refused to complete his purchase, and the premises were resold, and the second purchaser also refused, and the premises were resold a third time, and were bought by a person acting for the original purchaser, when the sale was completed by the latter under his first purchase; *Held,* that he was not entitled to the intermediate rents.

In such a case the deed does not relate back to the day of sale, so as to entitle the purchaser to the rents accruing between the sale and the giving of the deed, where he has by his own act, and in violation of his contract, delayed the completion of the purchase.

APPEAL by the defendant from a judgment entered upon the report of a referee.

On the 4th day of October, 1864, the plaintiff became the purchaser, at a foreclosure sale, of certain premises, under a decree which provided that the purchaser should be let into the possession of the premises sold upon production of the referee's deed. By the terms of sale the plaintiff was to complete his purchase of said premises on the 7th day of November, 1864, and if he neglected so to do, he would thereafter be charged with interest upon the whole amount of his purchase. The plaintiff refused to complete his purchase, on the ground that the title he would get under the decree of foreclosure would not be a

Mitchell *v.* Bartlett.

good one, and he made an application to the court to be relieved from his bid, which was denied. On the 13th day of February, 1865, the plaintiff not having completed his purchase, the premises were sold to one Lawrence McCarthy, (who was acting for the plaintiff,) upon the like terms of sale. McCarthy refused to complete his purchase, upon the same grounds above mentioned, and made an application to the court to be relieved from his bid, and an order was entered denying his application. This order was affirmed, upon appeal to the general term. On the 30th day of June, 1865, McCarthy having failed to complete his purchase, the said premises were resold to one John Rigney, (who was acting for the plaintiff,) upon like terms of sale. The plaintiff, on the 1st day of August, 1865, completed his first purchase and took his deed; he, according to the terms of sale, paying interest upon the purchase money from November 7, 1864, to August 1, 1865. Up to August 1, 1865, the defendant, as sole surviving assignee of Michael Burke, in trust for the benefit of creditors, was the owner of and in the possession of the said premises, and collected the rents thereof, amounting to $1379.09. This action was brought to recover the amount of said rents so collected. The cause was referred to Albert Mathews, as sole referee, who reported in favor of the plaintiff, and a judgment was entered upon his report for $1712.86, damages and costs. From this judgment the defendant appealed.

*Chas. H. Van Brunt,* for the appellant. I. By the decree of foreclosure and sale, under which these premises were sold to the plaintiff, the purchaser, under that decree, was to be let into possession upon production of the referee's deed. 1. The plaintiff in this action, was not entitled to the possession until he received his deed. This did not occur until August 1, 1865. 2. If the tenants occupying these premises had paid their rent to the plaintiff herein,

the defendant in this action could have compelled them to pay it over again to him, even after the plaintiff in this action had obtained possession, and the fact of their having paid it to the plaintiff herein, would have been no defense to such an action. (*Giles* v. *Comstock,* 4 *Comst.* 270.)

II. The rule has been long established, that to entitle a person to collect rent he must be entitled to the possession of the premises at the time the rent becomes due and payable. (*Giles* v. *Comstock,* 4 *Comst.* 270. *Astor* v. *Turner,* 11 *Paige,* 436.)

III. The defendant was the owner of the equity of redemption, and, as such, was charged and thus compelled to pay interest upon the entire mortgage debts until the whole purchase money was paid by the plaintiff, August 1, 1865.

IV. The bid at the sale, its acceptance by the referee, and the payment of the ten per cent, wrought no change in the title, even in equity. 1. The ten per cent was a mere security for the good faith of the bid, and it would have been refunded if the purchaser had been successful in his efforts to be released from his bid on account of defects in the proceedings. 2. His purchase was entirely inchoate and defeasible until the acceptance of the title on his part, and the confirmation of the sale on the part of the court. (*Brown* v. *Frost,* 10 *Paige,* 247.) 3. The contract was not complete as to the purchaser himself until he paid the whole price. If he had paid the price on the 7th day of November, 1864, the day fixed for that purpose in the terms of sale, he would from that time have been the equitable owner of the premises, and as against the parties to the foreclosure might have intercepted the rents falling due afterwards. (*Strong* v. *Dollner,* 2 *Sandf.* 448. *Clason* v. *Corley,* 5 *id.* 447.)

V· If the defendant had been personally in the occupation of these premises the plaintiff could not have main-

tained an action against him for the use and occupation thereof. Then, upon what theory can the plaintiff compel the defendant to account for the rent of these premises which he has collected?

VI. It is claimed that the title of the plaintiff relates back to the time at which he should have completed his purchase. 1. This claim is founded upon the authority of the case of *Fuller* v. *Van Geesen*, (4 *Hill*, 173.) Upon examining that case it will be seen that the doctrine of relation was called in to prevent a wrong being perpetrated by a mere intruder, and has no application to a case where a party is rightfully in possession, and that the phrases "date of the deed, and delivery of the deed" are used, in the opinion of the court, referring to the same time. 2. The doctrine of relation is only resorted to, to prevent injustice being worked to any party without any negligence or default having occurred on his part. 3. In this case the whole question arises because of the default of the plaintiff. 4. All the cases cited in *Fuller* v. *Van Geeson*, relate to sales upon execution where the whole amount of the purchase money has been paid, &c. and the absolute right to receive his deed was vested in the purchaser, and nothing remained for him to do, and then the deed only relates back to the time when the purchaser's right to the deed has become absolute, and there is no case where the doctrine of relation has been extended back to a period anterior to the payment of the purchase money. The interest reserved in the terms of sale is merely a penalty, to be imposed upon the purchaser, if he unnecessarily delays completing his purchase, as is seen by the fact that the exaction of the interest is in the discretion of the referee.

VII. Although upon a casual reading, the case of *Mc-Laren* v. *The Hartford Fire Insurance Co*. (5 *N. Y. Rep.* 151,) may seem to sustain the doctrine that a title in a foreclosure case relates back to the time when the deed should be delivered, yet upon a careful examination of the case it

will be seen that it does not bear that construction. 1. The case was decided, although the doctrine of relation is discussed in it, upon the ground that a policy of insurance being a mere contract of indemnity, a party, without showing that he had suffered loss by means of the peril insured against, could not recover without changing the entire character of the contract. 2. Judge Foot founds his whole opinion upon the case of *Fuller* v. *Van Geesen*, heretofore cited, and which does not decide, as has been shown, any such doctrine as is stated by him.

VIII. The plaintiff paid the interest upon his bid by virtue of his contract, and by which he agreed to pay interest if he made default. 1. The plaintiff made his contract with the court through the referee appointed to make the sale, by which he agreed to pay interest in case he made default in completing his purchase, on November 7, 1865. 2. He did make default, and he was charged interest upon the purchase money, according to his contract. What hardship has he sustained by this?

*Mitchells* and *A. B. Crane*, for the respondent. I. If the referee had found the facts as requested by the appellant, the judgment would not be erroneous. 1. Between vendors and vendees and their privies, equity considers that agreed to be done as actually performed at the time for completing the contract. The purchaser is entitled to the rents and profits, and pays interest on the unpaid purchase money. This is equally true of individual or judicial sales. (*Sugden on Vendors,* 7th *Am. ed.* 254. *Dart on Vendors and Pur.* 293, 564, 566. 2 *Story's Equity,* § 790.) 2. The only question is, when did the title in equity pass? The English rule fixes the liability of the parties from the confirmation of the bid to which the after made deed relates. (*Hoff. Master in Ch.* 221. *Ex parte Minor,* 11 *Vesey,* 559.) Under our former practice the vendee was not entitled to possession until the sale was confirmed. But the con-

firmation related to the date of the sale and he was liable, as the owner, from that date. (*Fuller* v. *Van Geesen*, 4 *Hill*, 171. *Fort* v. *Burch*, 6 *Barb.* 76.) Now the vendee is entitled to possession upon production of the deed, by the terms of the decree and rule 72 of the Supreme Court. 3. But the principle is the same; the liability of ownership attaches from the date of the contract of sale. "The gain or loss falls upon the person to whom the court considers the estate to belong." From that time the vendee pays interest, and takes the rents and profits, unless the terms of sale provide otherwise. (*McLaren* v. *The Hartford Fire Ins. Co.*, 5 *N. Y. Rep.* 151. *Ex parte Manning*, 2 *Peere Williams*, 411. *Ackland* v. *Gaisford*, 2 *Mad. Ch.* 28. *Cowpe* v. *Blakeswell*, 17 *Eng. Law and Eq.* 508. *Fludyer* v. *Cocker*, 12 *Vesey*, 25. *Paine* v. *Meller*, 6 *id.* 349. *Astor* v. *Turner*, 11 *Paige*, 436.) 4. The vendor is entitled to the possession, until the legal title passes, and should collect the rents. But the vendee is entitled to the rents and profits from the time when the legal title should have passed and must pay interest from that time. (2 *Mad. Ch.* 32. 12 *Vesey*, 25.) 5. The words in the decree, "the purchaser shall be let into possession upon production of the referee's deed," are but declaratory of the power of the court to put the purchaser in possession without an action of ejectment; and do not change the rule as to rents and interest. (*Hoff. Master in Ch.* 237. *Kershaw* v. *Thompson*, 4 *John. Ch.* 609, 615, 616.) 6. The cases of *Giles* v. *Comstock*, (4 *Comst.* 270;) *Clason* v. *Corley*, (5 *Sandf.* 448,) and *Strong* v. *Dollner*, (2 *id.* 444,) are not in point. They turned upon the legal relation of landlord and tenant, not upon the equities between vendor and purchaser. The question of eviction was involved—the right to collect the rents depending upon the right to the possession. To avoid the payment of rent to the landlord, the tenants should have shown an eviction or a right to attorn to the purchasers, and they did neither. (*Taylor's Landlord and*

*Tenant,* § 372. 1 *R. S.* 744. 3 *Kent,* 464.) There were intervening rights, and the doctrine of relation did not apply. There were no equities. The purchasers did not pay interest for the time, or any part of it, for which they claimed the rent; but left the judgment debtors liable for it. They paid the purchase money, and accepted deeds executed after the rents became due.

II. If the terms of sale are not a contract with the court, the respondent by signing them became a party to the proceedings in court. 1. All parties to those proceedings are bound by them only to be relieved by the court or its officer. (*Gould* v. *Gager,* 18 *Abb. Pr.* 32. *Requa* v. *Rea,* 2 *Paige,* 339. *Rogers* v. *McLean,* 31 *Barb.* 304, 312.) 2. By the terms of sale, the respondent became liable for losses from November 1, 1864, and was the owner for all purposes, excepting possession, to which the deed would entitle him. The court refused to relieve him. The referee never extended the time for completing the sale; but had the deed executed and acknowledged, ready for delivery at the time. The sale was completed under those terms unchanged. 3. The other sales were never completed; but were, in effect, set aside by the court, and the parties are bound by the confirmation of the sale to the respondent.

III. The appellant is estopped by the decree, sale, deed, and reports of the referees as to the sale and surplus money, duly confirmed from denying the sale as confirmed, and the respondent's right to the rents and profits from the date of sale. (2 *R. S.* 357, § 66, *4th ed. marginal page* 192. *Brown* v. *Frost,* 10 *Paige,* 244. 2 *Phil. Ev. note* 270, *p.* 42, *4th Am. ed. Jackson* v. *Parkhurst,* 9 *Wend.* 209. *Jackson* v. *Sternberg,* 20 *John.* 49. *Com. Dig. title Estoppel, B. Doe* v. *Oliver, Dutchess of Kingston's case,* 2 *Smith's Leading Cases.*) The delivery of the deed related to that date. (*Evertson* v. *Sawyer,* 2 *Wend.* 507. *Jackson* v. *Bull,* 1 *John. Cases,* 81.) Where there are divers acts concurrent to

make a conveyance, the original act shall be preferred, and to this the other acts shall have relation. (*Vin. Ab.* title *Relation*, 290. *Jackson* v. *McMichael*, 3 *Cowen*, 75. *Heath* v. *Ross*, 12 *John*. 140.) He cannot attack the proceedings of the court collaterally. He should have objected to the confirmation of the report, instead of consenting thereto, and taking the interest. (*McCotter* v. *Jay*, 30 *N. Y. Rep.* 80.)

IV. The appellant has no equity. The payment of the interest by the respondent, and the allowance of commissions to the appellant for collecting the rents, leave him as if the purchase money had been paid and possession taken November 1, 1864. He has no right to both the interest and rents. He assented to the consummation of the sale and accepted the interest.

*By the Court*, INGRAHAM, J. The question submitted to us in this case is whether a purchaser at a foreclosure sale is entitled to the rents of the mortgaged premises which accrue between the sale and the delivery of the deed, where such purchaser does not complete his purchase at the time designated in the terms of sale.

It is very clear that he is not entitled to any interest which accrues before the time fixed for the delivery of the deed. The sale is not perfect, and the deed is not to be delivered before that day. He is not required to pay interest, and he has therefore no claim to the profits.

In the present case the plaintiff, who was the purchaser, refused to complete his purchase, and the premises were resold. The second purchaser also refused, and the premises were resold a third time, and were bought by a person acting for the plaintiff, when the sale was completed by the plaintiff under his first purchase.

I see nothing in this case to entitle him to the rents. He violated his contract, and the property was resold. This terminated his right to the property. The second

resale had the same effect, and the only authority there was on the part of the referee to convey to the plaintiff was under the last sale, at which the premises were purchased by Rigny, acting for the plaintiff. To hold that the purchaser, under these circumstances, was entitled to the rents accruing before he received his deed, would be doing injustice to the owners. True, the purchaser was compelled to pay interest, but that was a punishment for his breach of contract, and did not compensate the owner for the expense of resales and the delay arising from the purchaser's neglect.

Nor do I consider the deed, in such a case, to relate back to the day of sale, so as to entitle the purchaser to the rents. He certainly would not be entitled to rent falling due before the time of delivery of the deed, and if so this doctrine of relation to the time of purchase does not apply.

If the mortgagor had been the occupant of the mortgaged premises at the time of sale, he could have remained there without the payment of rent until the deed was delivered, and the purchaser could not in any way have collected rent from the tenant after the deed was delivered. There was no relation of landlord and tenant subsisting at any time, and on obtaining the deed, his only course was to take possession of the premises. The case of *Fuller* v. *Van Geesen*, (4 *Hill*, 171,) and *McLaren* v. *The Hartford Fire Ins. Co.* (5 *N. Y. Rep.* 151,) do not apply to the question of the right to rents. The first case merely held that the confirmation of the sale by order of the court related back to the date of a deed previously delivered, and overreached the claim of a mere intruder.

The second case involved the right to insurance made by the mortgagee after the sale. The risk was to be borne by the purchaser.

The chancellor decided, in *Astor* v. *Turner and Skidmore*, (11 *Paige*, 436,) that such relation back to the day of sale did not apply to rents coming due between the sale and

the giving of the deed, and the same principle would apply when the purchaser by his own act and in violation of his contract delays the completion of the purchase.

In *Clason* v. *Corley*, (5 *Sandf.* 447,) this question was fully examined, and it was held that the purchaser was not entitled to any rents that accrued before the sale, and that even where the purchaser had tendered the purchase money and done all in his power to complete the sale, before the rent became due. In this case the mortgagor recovered from the tenant, who had purchased under the foreclosure, rent which came due between the time fixed for completing the purchase and the actual delivery of the deed.

The referee erred in giving the plaintiff the rents which accrued before the delivery of the deed.

Judgment reversed and new trial ordered, costs to abide the event.

[NEW YORK GENERAL TERM, November 2, 1868. *Geo. G. Barnard, Ingraham* and *Cardozo*, Justices.]