Barrett, J.
It was undoubtedly laid down in McLaren v. Hartford Fire Ins. Co. (5 N. Y. 151), that from the time of a referee’s sale in foreclosure, the property is at the risk of the purchaser.
This decision has been much. criticised. The cases cited by Gardiner, J., do not establish the proposition for which he contends (see the remarks of Peckham, J., in Cheney v. Woodruff, 45 N. Y. 100), while Fuller v. Van Geesen (4 Hill, 173), on which Foot, J., relies, simply holds that the deed executed by a master passes the title at the moment of delivery. Cheney v. Woodruff, ubi sup., is direct authority for the contrary rule, viz.: that a purchaser is not entitled to the rents accruing between the time of the purchase and the time of the delivery of the deed.
The claim of relation back to the bidding was there repudiated, and the doctrine of relation was limited to the date when the deed is deliverable by the terms of the contract.
*203 It is true that Mr. Justice Peckham, while criticising McLaren v. Hartford Fire Ins. Co., concedes that “the case was well decided upon another ground, viz.: the violation of a provision in the policy.” But that very provision was, that “in case of any transfer or change of title in the property insured, such insurance shall be void and cease,” the court holding that such transfer and change were immediately effected by the referee’s sale. Now as the latter proposition is what was denied by Mr. Justice Peckham, it is difficult to perceive how the case, from his stand-point, can be said to have been well decided.
The doctrine of Cheney v. Woodruff was fully restated in Mitchell v. Bartlett (51 N. Y. 447), affirming the same case as reported in 52 Barb. 319, where Ingraham, J., passed the McLaren case with the single remark that it involved the right “ to insurance made by the mortgagee after the sale.” This does not convey an entirely accurate idea of the case.
The purchaser’s new insurance, taken out by him as owner, was but an incident in the discussion. McLaren was no party to it. The direct question before the court was with respect to the old insurance effected by McLaren as owner of the fee, and the conclusion arrived at was that the formal legal title did not constitute an insurable interest. Even this latter conclusion is in conflict with Wood v. North Western Ins. Co. (46 N. Y. 421), where Folger, J., observed, that the plaintiff “held also the legal title, and this made it competent for him to cover, not only his special interest in the property, but the property itself (And see also Cone v. Niagara Fire Ins. Co., 60 N. Y. 622).
It would seem, therefore, that the various suggestions put forward to distinguish the McLaren case are scarcely adequate. That case must, in fact, be treated as squarely covering the proposition contended for, but *204 as substantially overruled by the principles laid down in the later cases.
The rule that the premises are at the risk of the purchaser undoubtedly applies when, as in McKechnie v. Sterling (48 Barb. 330), the contract is absolute, and the vendee is authorized to take immediate possession of the land. There, from the date of the contract, he is entitled to the rents and profits, and is bound to pay interest on the purchase price.
The just rule upon judicial sales, is that which places the property at the risk of the purchaser only when the deed has been or should, and but for his failure would have been delivered; in other words, when, by the terms of sale, he becomes entitled to possession, with the corresponding right to the rents and profits.
This is substantially the conclusion arrived at in a careful and elaborate opinion by Mr. Chief Justice Daly, of the court of common pleas, the manuscript of •which has been furnished to me (Aspinwall v. Balch).*
The motion to compel the purchaser to complete must therefore be denied. There was no offer to restore the premises to their original condition, nor even to reimburse the purchaser for the loss occasioned by the fire.
True, there is an affidavit of a gentleman in the employ of the plaintiff’s attorneys to the effect that he is informed by the officers of the plaintiff, that they will allow whatever sum may be collected on certain policies of insurance, held by the company on the property in question, “in reduction of the claim of the plaintiff under the decree.”
It is needless to say that this is not what the law required. Indeed, considering the extent of the damage, the delay which has ensued in consequence of the plaintiff’s neglect to offer compensation, and the loss of *205 rental which must result from the condition of the premises, there is force in the suggestion that the purchaser ought to be entirely relieved. The rule is that where the property is so materially injured as to be greatly diminished in value, the purchaser is not obliged to accept it (Aspinwall v. Balch, ubi sup., and cases there cited).
Mr. Johnston’s affidavit shows, and it is not denied, that the premises, in whole or in part, are now untenantable and unfit for occupancy, that they cannot be let or used in their present condition, that the former tenants have vacated because of the fire, and that the season for renting has now passed.
If an offer had been made to restore the premises to their original condition, with reasonable compensation for the loss of rental occasioned by the fire and the delay, it would have been considered and weighed.
But as the case stands upon the papers now before' the court, there would seem to be no escape from the conclusion that the plaintiff’s motion should be denied with $10 costs, and that the prayer of Mr. Johnston’s affidavit, asking repayment of the ten per cent, should be granted.,

See p. 193 of this vol.