# FIRST DEPARTMENT

#### AT

59 505
129a 648

# GENERAL TERM,

## March, 1891.

---

MAX S. KORN, Respondent, v. THE METROPOLITAN ELE-
VATED RAILWAY COMPANY AND ANOTHER, Appellants.

*Actions relating to real property — the holder of the record title entitled to sue — an
agreement to sell does not take away such right — measure of damages.*

A person who is, by the record, the owner of real estate can maintain an action in
relation thereto in his own name as being the real party in interest, and what-
ever private arrangements he may have with others in regard to the property do
not concern the defendant in such an action.

After the commencement, but before the trial, of an action to recover for an injury
to real property, the plaintiff entered into a contract for the sale of the premises.
The contract of sale had not, however, been carried out at the time of trial.
*Held*, that this did not affect plaintiff's right to proceed with the litigation.

In an action to enjoin an elevated railroad company from maintaining its road in
front of plaintiff's premises, and to recover for loss of rental value resulting
therefrom, an expert for plaintiff was asked, "What, in your opinion, is the
value of that property, including the easements in Second avenue, which would
give to the property the use of the whole of the street above the surface?"
*Held*, that the question was proper.

APPEAL by the defendants, the Manhattan Railway Company and
the Metropolitan Elevated Railway Company, from a judgment,
entered in the office of the clerk of the county of New York on
the 5th day of July, 1890, in favor of plaintiff.

HUN—VOL. LIX        64

*E. C. James*, for the appellants.

*J. E. Burrill*, for the respondent.

VAN BRUNT, P. J. :

The first objection presented upon this appeal is based upon the fact that this action is brought by Max S. Korn, in whose name the title stood, and that Isador S. Korn, who is his partner in the real estate transactions, was not joined therein as plaintiff or defendant.

Upon the trial this objection was taken, and upon it being ruled that such an objection could only be availed of by answer, where it did not appear upon the face of the complaint, a motion was made to amend the answer, which motion the court denied upon the ground that it was too late. We think, even if it was necessary to pass upon that question, that the rulings of the court in this particular were entirely correct. There was no merit in the motion to amend and no reasonable purpose to be subserved thereby, except delay, and, therefore, there was no reasonable ground for its being granted.

But we had supposed that since the decision in the case of *Sheridan* v. *Mayor* (68 N. Y., 30) that the party who is the owner of record, by a written instrument of conveyance of a cause of action, may maintain in his own name, as being the real party in interest, actions in relation thereto, and what private arrangement he might have outside of his paper title was a matter of no consequence to the defendant proceeded against.

The next objection necessary to consider is the fact that as to a portion of these premises the plaintiff had entered into a contract of sale, intermediate the commencement of the action and the trial thereof, which contract was not completed, however, prior to the time of the trial.

That the court was entirely right in its statement that a mere contract of sale is not a sale seems to be established by the case of *Mitchell* v. *Bartlett* (52 Barb., 319; affirmed 51 N. Y., 447), where it is held that a purchaser upon a foreclosure sale acquires no title until the delivery of the deed. In sales of that description, and as was the fact in the case cited, a contract of sale was entered into between the referee and the purchaser, precisely of as valid a nature as the contract entered into between the plaintiff in the case

at bar and his purchaser, and it was distinctly held in the case cited that until the delivery of the deed, the purchaser did not acquire any title, neither was he entitled to the possession of the land or the rents thereof, although he was charged with interest upon his purchase-money because he did not take the deed when it was ready for him. This principle was approved in *Cheney* v. *Woodruff* (45 N. Y., 98).

The only other question presented upon this appeal is that relating to an objection to a question which was put to an expert by the court. It was as follows: "What, in your opinion, is the value of that property, including the easements in Second avenue, which would give to the property the use of the whole of the street above the surface?" This question was objected to upon various grounds, and was overruled, and the question answered.

It is claimed that, under the rule laid down in *McGean* v. *Manhattan Railway Company* (117 N. Y., 219), the objection is well taken. We do not think that the question conflicts with any rule laid down in that case. We know of no means of proving damages in cases of this description, except by evidence of this character, and if such evidence is to be excluded, then there is no basis whatever for proof upon which a recovery may be founded in these actions. It certainly could not have been intended by the Court of Appeals to shut out all testimony tending to prove the value of the easement which was taken, by anything that was said in the case cited.

The case of *McGean* v. *Manhattan Railway Company* was an action at law to recover past damages, and the rules of evidence applicable to such a case do not necessarily control the course of testimony in an action in equity where the defendants are asking the court to determine what, in good conscience, they should pay in order to avoid the injunction which the plaintiff shows himself to be entitled to.

It seems to us that in the consideration of these questions of evidence in cases of this description that, as far as the fixing of damages is concerned, it is not the request of the plaintiff that is being considered, but it is the prayer of the defendant that it might be allowed to avoid the injunction by the payment of a certain sum; and the question is, what, in good conscience, is the sum which these defendants should pay in order to avoid the operation of the injunction.

Clearly, upon such an investigation, the harsh and rigid rules of evidence in actions at law cannot apply, and even if they did, we think that the question under consideration would be allowed, even in an action at law, for the purpose of establishing what had been the injury sustained in the past by reason of the trespass which the defendants had committed.

The judgment should be affirmed, with costs.

DANIELS and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.