### JOHNSTON *v.* MANHATTAN RY. Co. *et al.*

(*Supreme Court, General Term, First Department.* November 30, 1891.)

1. ELEVATED RAILWAYS—INJURIES TO PROPERTY—TRIAL BY JURY.
    Where the complaint alleges that defendants have taken possession of the street in front of plaintiff's property for the maintenance and operation of an elevated railway, thereby appropriating his easement in the street and committing a trespass on his property, and prays an injunction and damages, the action is an equitable one, and is not an "action for a nuisance," within Code Civil Proc. N. Y. § 968, requiring the latter actions to be tried by a jury.

2. SAME—EVIDENCE—SUFFICIENCY.
    In such action, a finding that the railway cuts off the light from plaintiff's premises, and that dirt and cinders fell thereon from passing trains, is supported by testimony that such results occur in the case of other property situated precisely as plaintiff's is.

Appeal from special term, New York county. Affirmed.

Action by Benjamin B. Johnston against the Manhattan Railway Company and the Metropolitan Elevated Railway Company for an injunction and for damages. Defendants moved for a trial by jury, under Code Civil Proc. N. Y. §-968, on the ground that the action was for a nuisance, but their motion was denied, and the cause tried by the court. There was judgment for plaintiff, from which defendants appeal.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Davies, Short & Townsend, (Julien T. Davies* and *Samuel Blythe Rogers,* of counsel,) for appellants.  *Peckham & Tyler, (E. W. Tyler,* of counsel,) for respondent.

INGRAHAM, J.   The complaint in this action alleges that plaintiff is the owner of premises abutting on South Fifth avenue, in the city of New York; that, as an incident and appurtenant to plaintiff's ownership and occupancy of such premises, the plaintiff has and had a right, interest, and easement in South Fifth avenue of free and unimpaired use, for the usual and ordinary purposes of a public street or highway; that plaintiff is seised and possessed of a portion of South Fifth avenue immediately in front of and adjoining the premises before described, to the center of the street.   And the complaint further contains allegations tending to show that the defendants, by the erection and maintenance of the railroad structure, have appropriated plaintiff's easement in the street, and such erection and maintenance of such railroad and structure is a trespass upon plaintiff's property.   The only allegation in the complaint from which it could be claimed that the action is to abate a nuisance is the allegation that the structure of the defendants, as it now exists and as above described, has been erected and maintained without legal right, and is a special nuisance and injury to his (plaintiff's) premises.   A consideration of the whole complaint shows that the action is not an action to abate a nuisance, but is an action to restrain a continuing trespass, and, as such, clearly an equitable action.   No motion was made by defendants to frame any issue to be tried by the jury, nor was the plaintiff asked to elect on the trial as to whether he maintained his action as an action to abate a nuisance or an action to restrain a continuing trespass.   Defendants asked the court to send the action to be tried by a jury, on the ground, among others, that the cause of action, if any, was a nuisance; and that motion was properly denied, as the cause of action set up in the complaint is clearly an action to restrain a trespass.   In the case of *Cogswell* v. *Railroad Co.,* 105 N. Y. 321, 11 N. E. Rep. 518, it was held that an action in which the complaint prays judgment for damages and the abatement of the nuisance complained of, and also for an injunction restraining the defendant from continuing the nuisance, and from permitting its lands to be used for the purpose of carrying on any business thereon which shall injure the plaintiff in the enjoyment of her property, was not an action for a nuisance within section 968 of the Code; that, reading this section in connection with section 1660, it was held that an equitable action to restrain the continuance of the nuisance is not an action for nuisance, within section 968.   The mere allegation in the complaint that the trespass upon real estate is unauthorized, and is a nuisance, and asking that the continuance of such trespass be enjoined, would not, in view of this decision above cited, make the action one for a nuisance, in which the plaintiff is entitled as matter of right to a trial by jury.   The point is taken by defendants that the finding that the defendants' structure and tracks, and the operation of their trains of cars, have injured the plaintiff's easement of light and air in the lower part of the building to some extent, and the fourteenth finding, that cinders have, ever since the operation of such structure, fallen, and do fall, from said cars, engines, and passing trains upon the street and sidewalk in front of said premises, and upon and into said buildings, were entirely unsupported with evidence.   Counsel stated in his brief that the case will be searched in vain for a *scintilla* of evidence to sustain this finding, and we are asked to reverse the judgment because this finding is entirely unsupported by evidence.   If there is any evidence to support the finding, the court will not review the question of fact, as the case does not contain a statement that all of the testimony taken upon the trial is included within the case as settled.   An examination of the record shows that Frederick Schaffer swore that the trains interfered with the light, very often making a continual fluttering, very annoy-

ing; and that there are cinders and dust coming from the elevated railroad; and describing the way in which the cinders and dust from the railroad affected his business. Witness Hemmerfield also testified that, as the elevated trains pass, it is often dark, and that he could not keep the door open, because it caused so much noise. The witness Miles also testified, in answer to the question, "What have you observed in respect to the physical operation of the elevated railroad? *Answer.* I found train dust, ashes, cinders, and smoke coming into my apartments to such an extent as to be a nuisance, and that it came from both the north and south,"—and that his house is the same distance from the structure as the other houses up the street; that the railroad runs in the middle of the street. It is true that none of these witnesses testify directly that the smoke and cinders went upon the plaintiff's property, but they testified as to adjoining property, the railroad being situated the same relatively to such property as to that of the plaintiff; and we think that this evidence was sufficient to justify the court in finding that the elevated railroad structure affected plaintiff's property as it affected adjoining property. The other questions presented on this appeal have all been passed upon adversely to the defendants by this court, and do not require further notice. The amount allowed appears to be reasonable, and we see no reason to disturb the judgment. Judgment affirmed, with costs.

VAN BRUNT, P. J., concurs in result. DANIELS, J., concurs.