OTTINGER *et al.* *v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.* February 18, 1892.)

1. ELEVATED RAILWAYS—INJURIES TO PROPERTY—RENTAL VALUE.
    In an action to enjoin the operation of an elevated railway in front of plaintiffs' premises, a witness may be asked what is the rental value of the property in question, with the free use of all above the surface of the street for light, air, and access to and from the building. *Korn* v. *Railway Co.,* (Sup.) 13 N. Y. Supp. 518, followed.

2. SAME—NOISE—MUNICIPAL PERMISSION.
    In such action, the court properly refused to rule that plaintiffs' easements in the street would not entitle them to control the amount of noise in the street, which defendants were authorized to make by municipal grant.

3. SAME—IMMATERIAL RULING.
    The ruling in question, together with another involving the same point, was entirely immaterial in view of the court's refusal to award any damage for noise.

4. SAME—PAROL EVIDENCE.
    Plaintiff testified as to the rent of the premises from 1881. On his cross-examination it was brought out that the lease of the first floor and basement was in writing. A lease subsequent to 1887 was then put in evidence, and then, because for the time prior thereto leases were not produced or offered, defendant moved to strike out all the testimony of plaintiff as to the rent of the third floor and basement prior to 1887. *Held,* no objection having been taken on the direct examination for want of written evidence, that the motion was properly denied.

5. SAME—NUISANCE—ELECTION BETWEEN CAUSES OF ACTION.
    The mere allegation in such action that the operation of the railroad was a nuisance did not entitle defendant to require plaintiffs to elect beween trespass and nuisance.

6. SAME—IMMATERIAL ERRORS.
    The evidence being amply sufficient to justify the finding of the jury as to the amount of damages suffered by plaintiffs, the same will not be reversed because of slight errors in the admission of testimony.

Appeal from special term, New York county.

Action by Marx Ottinger and another against the New York Elevated Railroad Company and another. From a judgment for plaintiffs, defendants appeal. For former report, see 15 N. Y. Supp. 18.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Samuel Blythe Rogers,* of counsel,) for appellants. *M. S. Isaacs,* (*W. G. Peckham* and *A. L. Sanger,* of counsel,) for respondents.

O'Brien, J.  The judgment enjoins the maintenance and operation of the defendants' elevated railway in front of the premises No. 278 Pearl street, unless defendants pay plaintiffs $5,000 as the price of certain of their easements.  There is also a money judgment of $3,807.86 damages and costs. There are five questions raised upon this appeal:  *First.* That it was error to admit opinions of witnesses upon the amount of the injury to plaintiffs' premises.  *Second.* That it was error to refuse to find that plaintiffs had no easement which would authorize them to control the amount of noise made in the street by authority of law.  *Third.* It was error to receive oral evidence of the contents of written leases.  *Fourth.* It was error to deny the motion to compel plaintiffs to elect between their inconsistent claims of nuisance and trespass, and to deny a jury trial of the latter issue.  *Fifth.* That the amount allowed for past damages and injury to the fee was excessive, and unsupported by the evidence.  The questions here involved have been so often passed upon in these cases that we would be justified, without assigning any reasons, in indicating simply the conclusions to which we have arrived.  We deem it best, however, to briefly state the grounds upon all the points raised. in the order in which they are presented, which leads us to affirm the judgment appealed from.

*First.* As to the opinions of witnesses.  The question objected to, and to which an exception was taken, was one by the court, put to an expert, as follows:  "*Question.* What is the rental value of that property in question, with the free use of all above the surface of the street for light, air, and access to and from the building?"  This precise question was passed upon in *Korn* v. *Railway Co.*, (Sup.) 13 N. Y. Supp. 518, which we are informed was in December, 1891, affirmed by the court of appeals.  29 N. E. Rep. 1032, *mem.*  The *Korn Case* holds that the question objected to does not conflict with the rule laid down in the *McGean Case*, 117 N. Y. 219, 22 N. E. Rep. 957.  See, also, *Mitchell* v. *Railway Co.*, (Sup.) 9 N. Y. Supp. 130.

*Second.* The defendants asked the court to make the following ruling, which was refused:  "There are no easements or other rights in the said street appertaining to said premises which authorized the plaintiffs to control the amount of noise made in said street by the permission of the mayor, aldermen, and commonalty of the city of New York."  This, as an abstract proposition of law, is not correct, as it would exclude the view that an excessive and abusive street noise is not actionable.  It was, moreover, entirely immaterial, as the court expressly refused to award any damage for noise.  The defendants sought to present the same question in another form, by requesting the court to find, which was refused, that "the plaintiffs do not own the fee to any portion of the bed of said street in front of and abutting on the premises mentioned in the complaint."  This finding may be entirely true in point of fact, and in one view the question whether plaintiffs owned the fee or merely had easements might be material.  If they had easements only, these would not be infringed by the noise made by the ordinary running of defendants' road; whereas, if plaintiffs owned the fee, the city would have the limited and specific easement of passage only, and all other rights would be in the abutter.  In this case, however, whether the plaintiffs owned the fee or not resulted in no injury to defendants, for, as already stated, the court expressly refused to find that the plaintiffs were entitled to any damage by reason of noise caused by the maintenance or operation of defendants' road.

*Third.* The error claimed to have been made by the trial judge in receiving oral evidence of the contents of written leases is grounded upon the fact that, after one of the plaintiffs had testified on direct examination as to the rent of the store from 1881, it was brought out upon cross-examination by defendants that the tenant of the first floor and basement had a lease by the year, sometimes two years, and sometimes three years, and the witness stated that the leases were in writing.  A lease subsequent to 1887 was then put in evi-

dence, and, because no other leases were offered or produced, counsel for defendant moved to strike out all the testimony of this witness as to the rent of the first floor and basement prior to the 10th day of February, 1887, on the ground that the written leases of that property were not produced. We think the court properly denied the motion. The testimony as to the amounts of rent received was given upon the direct examination without objection, nor was any exception taken to such evidence. It is not pointed out upon what theory such testimony should be stricken out, because it was made to appear by the defendants' cross-examination that, years prior to a period covered by a written lease produced, other written leases had been executed between the parties. If the defendants had insisted, while the witness was being examined on the direct, upon the production of the leases, they might have been produced, or evidence given to show that they were lost or destroyed. We do not think, therefore, that in the ruling made there was error.

*Fourth.* Defendants claim that plaintiffs should have been compelled to elect between their inconsistent claims of nuisance and trespass, and that as to the latter they were entitled to a jury trial. In the *Johnston Case,* 16 N. Y. Supp. 434, (decided by this general term in November, 1891,) the same motion to compel plaintiffs to elect was made, and the refusal to grant the motion was held not to be an error which would justify a reversal of the judgment. In this latter case, and in the *Shepard Case,* 117 N. Y. 442, 23 N. E. Rep. 30, the court construed a complaint similar to this one, and determined that the action based thereon was one to restrain a continuing trespass, and that the mere use of the word "nuisance" could be regarded as surplusage. As to plaintiffs' right to a jury trial, this question has been settled by the decision of the court of appeals in the *Lynch Case,* 29 N. E. Rep. 315, which was handed down in December, 1891, holding, in effect, that on such a complaint, as the Code stood a year ago, prior to the amendment, defendants were not entitled, as matter of right, to a jury trial.

*Fifth.* We have examined the evidence for the purpose of determining whether the claim that the damages awarded were excessive was well taken, and we are of opinion that the evidence given as to the physical injuries to the property justify the findings of the court, and that, where the judgment, as here, has ample proof to support it, it should not, as was said in the *McGean Case* be reversed, even if some slight error appears in the admission of testimony. On the whole case, therefore, we are of opinion that the judgment should be affirmed, with costs and disbursements.

LAWRENCE J., concurs.

VAN BRUNT, P. J. I concur in the conclusion arrived at by Mr. Justice O'BRIEN in the case at bar. But I cannot find from the record that there was any special claim made that as to the issues in respect to trespass the defendants were entitled to a jury trial. Neither do I find that in the case of *Shepard* v. *Railway Co.,* 117 N. Y. 442, 23 N. E. Rep. 30, any question was raised in respect to the complaint being for a nuisance or a trespass. In the case at bar there is no allegation in the complaint tending to show that it was the intention of the pleader to declare as for a nuisance; the only allegation being that certain things are offensive and disagreeable to and constitute a great nuisance to and on the building of the plaintiffs, and to the tenants and occupants thereof. But it further appears from the other allegations in the complaint that this allegation was merely intended as a description of the effects of the acts complained of upon the premises of the plaintiffs, and not in any way to characterize the nature of the action, because we find that in the other allegations in the complaint these acts are spoken of as wrongful, illegal, and a trespass upon the premises, and there is nothing in the complaint indicating in any way that it was the intention of the pleader to

declare other than as for a trespass. Therefore there was no foundation whatever for the motion made to compel the plaintiffs to elect as to whether they proposed to proceed as for a nuisance or as for a trespass. Hence the question as to a right to a jury trial was one which rested in the discretion of the court, and such discretion does not seem to have been improvidently exercised. If the action had been one for a nuisance, there seems to be no question but that the defendants would have been entitled to a jury trial; for the plaintiffs, although they may by their method of pleading bar themselves from demanding a jury trial, cannot thereby prejudice the right of the defendants thereto. The judgment should be affirmed, with costs.