ROBERT T. JONES et al., Respondents, *v.* RALPH GABRIELLI et al., Appellants, et al., Defendants.

Third Department, December 2, 1958.

*Gabrielli & Gabrielli (Ralph Gabrielli,* in person, of counsel), for appellants.

*Richard B. Overbagh* and *N. LeVan Haver* for respondents.

GIBSON, J. Two of the defendants in a partition action appeal from an order which denied their motion, under section 274 of

the Civil Practice Act, to compel a reply to the five defenses set forth in their answer and granted plaintiffs' cross motion to strike out the second, third and fourth defenses as insufficient in law.

The first defense alleges the nonjoinder of an indispensable party. However, subdivision 2 of rule 102 of the Rules of Civil Practice (implementing sections 192 and 193 of the Civil Practice Act and requiring the objection of nonjoinder to be raised by a motion to add parties), "provides the exclusive manner in which an objection of nonjoinder may be raised". (*Carruthers* v. *Waite Mining Co.*, 306 N. Y. 136, 141.) The first defense thus being ineffectual, plaintiffs may not, of course, be required to reply to it.

Appellants concede, in their brief, that plaintiffs' cross motion to dismiss was properly granted with respect to the second defense.

The third defense pleads the breach of certain fiduciary duties by appellants' codefendants in connection with the tract of which the lands sought to be partitioned were part and alleges failure of such codefendants to account for moneys received and expended by them in connection with an alleged joint venture involving such tract. It is then alleged that appellants, " as a consequence thereof  *  *  *  were compelled to and did commence an action for an accounting  *  *  *  in the Supreme Court, Ulster County wherein an interlocutory judgment of accounting was granted  *  *  *  and is now pending before  *  *  *  [a] referee.'' The fourth defense alleges that one of appellants' codefendants previously brought an action to partition the tract of which the parcel described in this complaint was part, but appellants' brief concedes that such prior action has been discontinued.

There is no intimation in the answer or in appellants' brief that it is sought to interpose either of the actions referred to in the third and fourth defenses as a bar to this action. Indeed, appellants assert that: '' All of the facts alleged in the 3rd and 4th defenses, boil down to a showing that Pescia and Salerno [the codefendants] had unclean hands '', with which plaintiffs as well are then sought to be charged. Neither the third nor the fourth defense seems to us to be sufficient for any purpose. Appellants have sought redress in another action, bearing no legal relation to this, for whatever wrongs they may have suffered at the hands of their codefendants in this action, and apparently their right  to an accounting has there been recognized. Assuming that knowledge of the codefendants' supposed

544

derelictions might be imputed to plaintiffs, we perceive in that situation no ground of defense to this partition action. The third and fourth defenses were, therefore, properly dismissed.

As a fifth defense, appellants allege: "That the plaintiffs are not the real parties in interest in that they are not the actual owners of the real property involved herein and have no proprietary interest therein but are acting as agents and dummies for others." The allegation in the complaint of plaintiffs' record title, denied in the answer, upon information and belief only (cf. *D. & G. Girl Coat Co.* v. *Kafka,* 218 App. Div. 607, 611, affd. 245 N. Y. 646; 4 Carmody-Wait Cyclopedia of New York Practice, p. 366, § 34), seems otherwise to be conceded. That the holders of the record title are indispensable parties cannot be doubted. Further, "the party who is the owner of record, by a written instrument of conveyance of a cause of action, may maintain in his own name, as being the real party in interest. actions in relation thereto, and what private arrangement he might have outside of his paper title [is] a matter of no consequence to the defendant proceeded against." (*Korn* v. *Metropolitan El. Ry. Co.,* 59 Hun 505, 506, affd. 129 N. Y. 648.) If, however, the supposed defense be deemed to allege nonjoinder, then, of course, our holding with respect to the first defense is equally applicable to this.

The order should be affirmed, with $10 costs.

FOSTER, P. J., BERGAN, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, with $10 costs.