By the Court.
Sandford, J.
Although the tenant became the purchaser of the premises, at the sheriff’s sale, the question of right, between him and his landlord, is the same as if a stranger had purchased the premises, and the tenant, having attorned to him, had set up his title against the landlord’s demand of the rent.
There was, certainly, no eviction, either actual or constructive, till after the quarter’s rent became due. (See Giles v. Comstock, 4 Comst. 275; Astor v. Turner, 11 Paige, 436.) The case, therefore, turns on the point, whether the purchaser, before *451 the rent fell due, had acquired such a title, that he could claim the rent or require the tenant to attorn to him.
In Strong v. Dollmer, 2 Sand. S. C. R. 444, we held that the bid at the sale, its acceptance by the master, and the payment of the ten per cent, of the price required at the sale, wrought no change in the title, even in equity. In this case, the purchaser, in addition to these acts, on the day fixed for that purpose, in the terms of sale, tendered to the sheriff, (now substituted in these sales for the master in chancery,) the residue of the purchase money, and demanded a deed. In the case cited, we observed, that if the purchaser had paid the price to the master, on the day fixed for that purpose in the contract, he would from that time have been the equitable owner of the premises, and as against the -parties to the foreclosure, might have intercepted the rents falling due afterwards ; and it is supposed that this case falls within our observation.
The difficulty, in the application of the proposition, lies in the fact, that the purchaser took no steps to intercept the rent. He remained quiescent, until the plaintiff’s legal right to it became fixed and absolute. He should have followed up his tender by a motion, to the court, to pay his money into court, or to compel the completion of the sale on the part of the plaintiff, in the foreclosure suit, whose delay to enrol the decree of sale, was, it seems, the cause of the sheriffs omission to execute the deed. On such a motion, on notice to all the parties, in interest, the court would have adjusted the equities of all, and made the loss, arising from the delay, to fall where it should have fallen, on the party whose negligence caused it. If the court had ordered the tenant to attom to the purchaser, it would at the same time have directed, that interest on the mortgage debt should cease from the day when the purchase money was tendered ; or, leaving the now plaintiff to recover his rent, and the debt to bear interest until payment, it would have ordered the plaintiff, in the foreclosure, to pay interest to the purchaser, on the money tendered and kept in readiness for the sheriff. As the fault was not at all imputable to the now plaintiff, who, as a defendant in the foreclosure, had no control of the proceedings under the decree, the court, on the motion suggested, would have protected his rights, which it is impossible to do.in *452 this collateral suit, if the defendant’s view of the law is correct. As he claims the law to be, the whole loss will fall on the present plaintiff. The sale and tender cut off his right to the rent, while the delay in enrolling the decree and executing the deed, cut off, in the same ratio, the surplus, which he might have expected, as the owner of the equity of redemption. The interest continued to run on the mortgage debt, until the purchaser’s actual payment, on -the delivery of the sheriff’s deed, thus consuming the purchase money, which represented the present plaintiff’s estate in the land ; while the plaintiff was deprived of the rents, and profits, by the equitable title which rested in the purchaser, on making his tender.
The statement of the consequence is enough to show that the defendant’s claim is not just. It is certain that no legal title vested in the purchaser until he received his deed. The question then is, did that title operate by relation to cut off the landlord’s claim for the intermediately accruing rent, or did the' purchase and tender give to the purchaser a valid equitable title to the premises from the time of the tender ?
We think the law is well settled, that the owner of the equity of redemption in lands mortgaged, is entitled to the rents which become due, to the period when the purchaser under the decree of sale becomes entitled to the possession of the lands. The interference by way of a receiver, in the instance of inadequacy of the security, and insolvency of the party personally liable for the debt, does not impair the rule; it admits its force. Now when does the purchaser become entitled to the possession ? The practice of the court of chancery, continued by its successors, and the terms of the usual decree of sale, show that the purchaser under such a decree can demand possession, only upon the production to the occupant, of the master’s (or sheriff’s) deed, and a certified copy of the order confirming the report of the sale after it has become absolute. In this case the order of confirmation was entered on the 24th of May, it became absolute in eight days, and it was therefore not until the 2d of June, more than a month after the rent became due, that the purchaser was in a condition to demand the possession of the premises. Even then, the purchaser, if a stranger, could not have turned this defendant out *453 of possession, because he was not a party to the foreclosure suit; but the latter could at that date have safely yielded the possession to the purchaser. The statute vests the estate in the purchaser, upon and by force of the execution of the master’s deed (2 R. S. 192, § 158), and the court does not interfere to compel a delivery of the possession, until the master’s report of sale, which in foreclosures follows the execution of the deed, has been duly confirmed (Brown v. Frost, 10 Paige 247).
In partition suits, the practice requires the sale to be reported to the court, and confirmed, before a deed can be given. In such cases it has been held, that after the sale has been regularly confirmed, and the purchase money paid, the equitable title thereupon vests in the purchaser, although the execution of the deed does not take place on such payment. (Gates v. Smith, 4 John. Ch. R. 702.) The practice in suits for partition, is like that in England, in all sales under decrees of the court of chancery, and the contract of sale is not deemed complete, until the master’s report of the sale is absolutely confirmed, (1 Sugd. on Vend. 58; 2 Dan. Ch. R. 909, 917,) and until such confirmation, the purchaser is not considered, even in equity, as entitled to the benefit of his contract. As the conveyances under foreclosures, as well as other sales upon decrees, are, in England, made by the parties, and not by the master, there is, in that respect, no analogy between the practice there, and here. But, in respect of a tender of the purchase money, it is there unavailing to affect the right to the accruing rents. The purchaser must pay his money into court, and apply to have it invested. (2 Dan. R. 913.)
The case of Fuller v. Van Geesen, (4 Hill, 171,) is an authority to show that the order of confirmation, after a deed under a chancery foreclosure, relates back to the delivery of the deed, so as to make it effectual from its delivery ; but there is no case to be found, where a relation back to the time when the sale ought to have been completed, there being neither a deed executed, nor an order of confirmation at that time, was ever adjudged or admitted, here, or in England. The equitable maxim resorted to, does not apply. It cannot be said, in the sense of that maxim, that the deed ought to have been delivered on the 5th of April, because, until the action of the court *454 through its officers, either by executing a deed, or otherwise confirming the sale, there was no complete contract between the ■ purchaser and the court.
And to recur to the doctrine of relation, though it is a favorite one, where, without it. injustice will ensue, or fraud be upheld, it is never enforced to divest-an intervening legal right, not inferior in point of equity, to the one sought to be substantiated by the application of the doctrine, nor where its application will. be inequitable. One of the authorities cited by the defendant, (Lathrop v. Ferguson, 22 Wend. 116,) shows that it should not be applied against the plaintiff, who neither had, nor exercised, any control in preventing the delivery of the sheriff’s deed, and who acquired in the .mean time a prior, executed, legal right.
In fine, the plaintiff shows a clear legal right, to recover this rent; the defendant’s purchase under the foreclosure, and his tender of the price, did not operate to transfer to him an equitable title to the premises, prior to the rent’s falling due ; and there is no legal or equitable ground upon which we can give effect to his subsequently acquired title, by relation to the time of the tender, so as to divest the plaintiff’s right to the rent.
Judgment for the plaintiff.