## CLASON *against* CORLEY.

### *Foreclosure; jurisdiction.*

EJECTMENT for the undivided half of a lot, lying in the city of New York, which the plaintiff claimed in fee. The defendant's title rested upon the validity of a decree of foreclosure of a mortgage which covered the premises, which decree was made under a bill of foreclosure filed before the Vice-Chancellor of the second circuit. The plaintiff in this suit, when the bill of foreclosure was filed, was the owner of the equity of redemption in one-half the mortgaged premises, and resided in Westchester county, in the second circuit. He was made a party defendant, and was duly served with a subpœna to appear and answer, but did not appear, and the bill was taken as confessed against him.

At that time, there was no statement in the bill showing the residence of any of the defendants. After the bill was taken as confessed, an amendment was made to the bill, alleging that the plaintiff in this suit, and several other persons who were defendants in the suit, resided in Westchester county, but no new subpœna was served on them, nor any notice given to them of the amendment. The cause was transferred to the Supreme

Court, and in February, 1848, the usual decree of foreclosure and sale was made by that court, sitting in the first district, under which decree the defendant became the purchaser of the premises in controversy, and received from the sheriff a conveyance thereof.

The plaintiff contended that the decree and sale were void, for the reason that the Vice-Chancellor of the second district, before whom the bill was filed, had no jurisdiction of the suit. That this appeared upon the face of the bill, as originally filed, and taken as confessed, and that the defect was not cured by the amendment, without new subpœna or notice to the defendants, and without any new order *pro confesso*.

The Supreme Court rendered judgment in favor of the defendant, which judgment was affirmed by this court: it being held, that the Vice-Chancellor had jurisdiction where any of the defendants resided within his district, although the subject-matter of the suit was situated in another district; that the neglect to show on the face of the bill the residence of the defendants, though it was bad pleading and rendered the bill demurrable, did not deprive the court of jurisdiction. The statute requires, in order to give the Vice-Chancellor jurisdiction, that the defendants, or some one of them, reside within his district, not that that fact should appear on the record.

That, admitting the amendment, and the making of a decree upon it without a new subpœna or notice to the defendants, to be an irregularity, it did not deprive the court of jurisdiction to make the decree, and its validity could not be questioned in this suit. The defendant, therefore, obtained a good title by his purchase under it.

(S. C., 5 Sandf. 447.)