JOHN W. MITCHELL, Appellant, *v.* ABNER BARTLETT, Respondent.

A legal title cannot vest under a deed before its delivery.

Where a judgment in foreclosure provides that the purchaser shall be let into possession, upon production of the referee's deed, until the delivery of the deed, the purchaser does not acquire the title, or the right to the possession of the land, or to the rents thereof. Up to that time the owner of the equity of redemption is entitled to the possession and the rents. The owner of the equity of redemption and the purchaser do not bear the relation to each other of vendor and vendee, and the rules governing parties to a contract of sale do not apply to them.

On the 4th October, 1864, plaintiff purchased certain premises upon foreclosure sale. By the memoranda of sale signed by him, the residue of the purchase-money was to be paid and deed delivered upon receipt thereof at the referee's office, November 1st, 1864. If plaintiff neglected to call at that time he was to be charged with interest thereafter upon the whole amount of his purchase, unless the referee should deem it proper to extend the time. At the specified time the deed was ready, but plaintiff did not call, or pay, or offer to pay the balance, nor was the time extended by the referee. Plaintiff paid the balance, with interest upon the whole purchase, August 5, 1865, and received his deed. There was a surplus which defendant as the owner of the equity of redemption received. In an action to recover rents collected by defendant from November 1st, 1864, to August 5, 1865,—*Held*, that plaintiff acquired no title or right of possession prior to the delivery of the deed; that conceding that a retrospective effect could be given to the deed, it could only be where its delivery had unjustly been withheld without fault of plaintiff; that the interest was to be considered as part of the purchase-price, not as an equivalent for the rents, and that its payment gave plaintiff no right of action.

(Argued October 1st, 1872; decided January term, 1873.)

APPEAL from order of the General Term of the Supreme Court in the first judicial district, reversing a judgment in

favor of plaintiff, entered on the report of a referee, and order-
ing a new trial.

This action was brought by the plaintiff as purchaser of
certain premises in the city of New York, on a sale by a referee
under a judgment for the foreclosure of a mortgage for moneys
received by the defendant, who was the owner of the equity
of redemption, in payment of rents that became due from
tenants, from November 2d, 1864, to August 2d, 1865. The
sale took place on the fourth day of October, 1864, when ten per
cent of the purchase-money, or price bid, was paid by the plain-
tiff as such purchaser, and he, at the same time, signed a memo-
randum of sale, containing the requirement that the residue of
the purchase-money should be paid at the referee's office on the
first day of November, 1864, when the referee's deed would
be ready for delivery, and the following was one of the terms,
viz. : " The referee is not required to send any notice to the pur-
chaser ; and if he neglects to call at the time and place above
specified to receive his deed, he will be charged with interest
thereafter on the whole amount of his purchase, unless the
referee shall deem it proper to extend the time for the com-
pletion of said purchase." The judgment under which the
sale was made provided that the purchaser should be let into
possession on production of the referee's deed.

The referee's deed was ready for delivery the first day of
November, 1864, but the plaintiff did not call to receive the
same, and did not then or there pay or offer to pay the balance
of the purchase-money. The deed was delivered and the
balance of the purchase-money paid, with interest on the
whole, on the second day of August, 1865.

There was a surplus of proceeds of sale, including the
interest, over the amount due on the mortgage, to the amount
of $10,360.68, which, after deducting the expenses of a referee
to ascertain the rights of the parties thereto, was afterward dis-
tributed and paid under an order of the court, of which defend-
ant herein received all except the sum of $2,026.33.

The amount of rents which had been collected by the
defendant, after deducting necessary expenses, amounted, on

the 2d of August, 1865, to the the sum of $1,379.09, and on that day the plaintiff requested the defendant to pay over the same to him, which was refused. The referee decided that the plaintiff was entitled to recover that sum, with interest thereon from the said second day of August, 1865. Judgment was afterward entered in accordance with that decision.

*A. B. Crane* for the appellant. Between vendors and vendees and their privies, equity considers that agreed to be done as actually performed at the time agreed upon. (Sugden on Vendors, 7 Am. ed., 254; Dart, Vend. & Pur., 293, 566; 4th ed., 1871, 575; 2 Story Eq., §§ 790, 1212; *Seton* v. *Slade*, 7 Vesey, 264, 274.) The vendee is in equity considered as the owner from that time, and entitled to the rents and profits from that time. (2 Story Eq., § 790; *McLaren* v. *Hart. F. Ins. Co.*, 5 N. Y., 151; *Ackland* v. *Gaisford*, 2 Mad. Ch., 28; *Cowpe* v. *Blakeswell*, 17 Eng. L. & Eq., 508; *Ex parte Manning*, 2 Peere W., 411; *Fluyder* v. *Cocker*, 12 Vesey, 25; *Paine* v. *Miller*, 6 id., 349; *Regent's Canal Co.* v. *Ware*, 23 Beav., 575; *Vickers* v. *Hand*, 26 id., 630; 5 N. Y., 151; 7 Ves., 274.) This is as true of judicial as of individual sales. (*McLaren* v. *Hart. F. Ins. Co.*, 5 N. Y., 151; *Wallis* v. *Sarel*, 5 De G. & S., 429; 2 R. S., 357; 4th ed., marg. paging, 192.) The vendee is the equitable owner of the premises from the time when the sale should have been perfected. (Hoff. Master in Ch., 221; *Ex parte Minor*, 11 Vesey, 559; *Fuller* v. *Van Geesen*, 4 Hill, 171; *Fort* v. *Bunch*, 6 Barb., 76; old Ch. Rules, 52; 5 N. Y., 151; 2 Mad. Ch., 32; 6 Vesey, 349; Dart on Vend. and Pur., 293; Sug. on Vend., title Interest; *Paine* v. *Miller*, 6 Ves., 349.) The vendor is entitled to possession until the legal title passes, and should collect the rents and profits. (*Ackland* v. *Gaisford*, 2 Mad. Ch., 28; Dart on Vend. & Pur., 4th ed., 1871, 229.) But he is a trustee to the vendee and liable to account to him from the time the legal title should have passed. (2 Mad. Ch., 28, 32; 12 Ves., 25; *Martoe* v. *Coxe*, 5 Cranch C. C., 537; *Green* v. *Smith*, 1 Atk., 572; *Pollepfen* v.

*Moore*, 3 id., 273 ; *Birch* v. *Joy*, 3 H. L. Cas., 565, 591 ; *Wilson* v. *Clapham*, 1 Jac. & W., 36 ; *Crosse* v. *Duke of Beaufort*, 5 De G. & S., 7.) Possession, in fact, has no connection with the question when the title in equity passes, it is an incident to the legal title. (5 N. Y., 151, and cases cited ; *Paton* v. *Rogers*, 6 Mad. Ch., 257.) When the vendee is in fault and the vendor in possession, he may choose whether to retain the rents and profits or to receive the interest on the purchase-money. (Dart on Vend. and Pur., 4th ed., 575, 576 ; *Fluyder* v. *Cocker*, 12 Ves., 25 ; *Powell* v. *Martyr*, 8 id., 147 ; *Paton* v. *Rogers*, 6 Mad. Ch., 257.) The words in the decree, " the purchaser shall be let into the possession upon production of the referee's deed," fix the time when the equitable may be changed to the legal ownership. (*Dove* v. *Doven*, Dickens, 617 ; Hoff. Mast. in Ch., 237 ; *Kershaw* v. *Thompson*, 4 J. Ch., 609, 616.) The interest reserved in the terms of sale is not a penalty to be imposed on the vendee for not complying with his contract. (*Powell* v. *Martyr*, 8 Ves., 147 ; *Fluyder* v. *Cocker*, 12 id., 25 ; *Wallis* v. *Sarel*, 5 De G. & S., 429 ; *Cowpe* v. *Blakeswell*, 17 Eng. L. & Eq., 508 ; S. C., 13 Beav., 421.) The defendant is estopped, by the referee's deed and report as to sale and surplus money, duly confirmed, from denying the sale as confirmed. (2 R. S. [4th ed.], 357, marg. page, 192 ; *McCotter* v. *Jay*, 30 N. Y., 80 ; *Nicholl* v. *Nicholl*, 8 Paige, 349.) Plaintiff was entitled to the rents and profits, and the judgment is correct on the legal ground of relation alone. (Viner Ab., title Relation ; *Jackson* v. *McMichael*, 3 Cow., 75 ; *Heath* v. *Ross*, 12 J. R., 140 ; *Ball* v. *Westwood*, 2 Camp., 11 ; Comyn's Dig., title Estoppel, B. ; *Doe* v. *Oliver Duchess of Kingston's Case*, 2 Smith L. Cases, 573.) As between the parties to the sale, the delivery of the deed related back to its date. (*Jackson* v. *Bard*, 4 J. R., 230 ; *Fuller* v. *Van Geesen*, 4 Hill, 171 ; *Evertson* v. *Sawyer*, 2 Wend., 507 ; *Jackson* v. *Bull*, 1 J. Cas., 81 ; *Cheney* v. *Woodruff*, 45 N. Y., 98 ; *Wright* v. *Douglass*, 2 id., 377 ; *Jackson* v. *Dickerson*, 15 J. R., 309 ; Hoff. Mast. in Ch., 221.)

*John H. Reynolds* for the respondent.　To entitle a person to collect rent he must be entitled to the possession of the premises when the rent becomes due. (*Giles* v. *Comstock*, 4 Comst., 270 ; *Astor* v. *Turner*, 11 Paige, 436.)　The contract of sale, as to the purchase, was not complete until the whole price was paid. (*Strong* v. *Dollner*, 2 Sand., 448 ; *Clason* v. *Corley*, 5 id., 447.)　Plaintiff's title could only relate back to the time when his right to receive the deed became absolute. (*Cheeney* v. *Woodruff*, 45 N. Y., 98 ; *McLaren* v. *Hart. F. Ins. Co.*, 5 id., 151.)

Lott, Ch. C.　The judgment, under which the sale by the referee to the plaintiff was made, provided, that the purchaser should be let into possession of the premises purchased, on the production of the referee's deed.　That deed was not delivered to him until the second day of August, 1865.　He therefore did not acquire either the title or the right to the possession of the land or to the rents thereof till that time.　The defendant, up to that time, continued to be the owner of the equity of redemption, and as such was entitled to such possession and rents.　The plaintiff consequently had no legal right to demand or recover of the defendant the rents that had been paid to him up to that period.

It is, however, claimed on behalf of the appellant, using the language of the points of his counsel, "that the case is governed by the rules and principles applicable to vendors and purchasers, as settled by *courts of equity*, and not by those principles which guide *courts of law*, in determining the legal rights of purchasers against other parties as tenants, and which depend upon a strictly *legal title*, and the law relating to title paramount, attornment, landlord and tenant," and that "the rule is that, between vendors and vendees and their privies, equity considers that agreed to be done as actually performed at the time when it should have been performed.　The vendee, in equity, is considered as the owner of the premises from that time, and entitled to the rents and profits, and the vendor is entitled to interest on the unpaid purchase-money from that time."

The referee, as appears by his conclusions of law, which were the basis of his judgment in favor of the plaintiff, adopted that rule so far as to decide that, in equity, "the transaction of October 4th, 1864," as he terms it, was "in substance and effect (so far as respects the rights of the parties to this action) a contract of sale of the premises in question under the terms and conditions" expressed in the memorandum of sale, and that "by virtue of said contract of sale the lands became the property of the vendee, subject to a lien for the purchase-money and all other rights and obligations reserved by said memorandum of sale."

Assuming the general rule *in equity* to be as claimed, it has no application in this case. The plaintiff and defendant do not bear the relation of vendor and vendee to each other, and the said "transaction" of October 4, 1864, was in no sense "a contract of sale" between them. The defendant had no right, power or authority to deal with the purchaser. The foreclosure proceeding was in hostility to him, under an adverse proceeding by a mortgagee seeking to recover the amount due on his mortgage. The referee who made the sale acted as an officer of the court, representing all the parties in the action, and not the defendant alone or specially, and he was the only person with whom the purchaser could deal or negotiate for extension of time to complete his purchase and to be relieved from the payment of interest with which he was chargeable under the terms of sale, in case he made default in taking his deed at the time stipulated and specified for its delivery, and he alone, and not the defendant, could demand the interest. In short, the defendant was not in a condition to apply, as vendor of the premises, to a court of equity to compel a specific performance of the plaintiff's purchase or to invoke the equitable rule referred to.

The referee, after considering the case as one to be decided with reference to the equitable rule as above stated, further decides, "that the payment of the interest on the whole amount of the purchase-money was not discretionary or voluntary on the part of the plaintiff, but in strict compliance

with the said memorandum of sale, by reason of the referee not having deemed it proper to extend the time for the completion of said purchase." In this I concur; and it appears to follow that, so viewing the payment of interest, it must be considered as a part of the price agreed to be paid for the land, and entirely irrespective and independent of the possession by the owner of the equity of redemption, and his rights to the rents or his obligation (assuming him to be vendor) to pay the plaintiff such rents as an equivalent or compensation for the interest.

It is further decided by the referee, and so the counsel of the appellant also claims, that by the payment of the money and the acceptance of the deed on the 2d day of August, 1865, the deed related back and took effect so as to vest a *legal* title to the said premises in the plaintiff as of the first day of November, 1864, subject to all liens and incumbrances thereon for taxes, assessments and other incumbrances accrued after that date," and he adds, and " that thereupon the plaintiff became entitled to the rents of the said premises for the period intervening between November 1, 1864, and August 2, 1865."

I dissent from this doctrine, and deny that a *legal* title can become vested under a deed before its delivery, under any circumstances.

If, however, it be conceded that a doctrine giving a deed such retrospective effect could properly be invoked in any case it could only be when the purchaser was entitled thereto at an earlier date, and it had been unjustly and improperly withheld, without any fault or neglect on his part.

The facts in this case show that the plaintiff himself was in fault; the whole time which elapsed, between the day fixed for the delivery of the deed and the time it was delivered, resulted from his failure to pay the purchase-money, and, consequently, he had no right thereto previous to such payment. Under such circumstances the rule cannot apply.

It follows, from what has been said, that the General Term properly reversed the judgment entered on the referee's deci-

sion, and that the order granting a new trial should be affirmed, with costs, and judgment must be entered against the appellant under his stipulation, with costs.

All concur.

Order affirmed and judgment accordingly.