Westbrook, J.
[After stating the facts.] — As the decree of foreclosure provided that the surrender of possession could only be required on the exhibition and presentation of the deed, possession could not have been earlier compelled (Mitchell v. Bartlett, 51 N. Y. 447). That formal mode of obtaining possession, however, the party in possession could waive. The deed was dated December 20, 1876, and the actual title then passed (Fuller v. Van Geesen, 4 Hill, 171). The stor *382 age for the month, which commenced in December, 1876, having been paid up to the ninth of that month, did not, according to the evidence of the plaintiff’s assignor, become due until ten days before its expiration, which was January 9, 1877. The jury have found that by the agreement of the plaintiff’s assignor and the purchaser, as evinced by the course of their dealings and acts, the possession and rights of the latter attached on the day of the date of the deed, which was December 20, 1876. E"o storage became due until after that time, and as there was no agreement for its apportionment, it was properly payable to the purchasers, whose rights and possession began, as the jury has found, December 20, 1876 (Zule v. Zule, 24 Wend. 76).
Without any elaborate discussion of the evidence, which is unnecessary upon this motion, I content myself with the general statement, that there was sufficient evidence to submit the question to the jury, whether or not the plaintiff’s assignor had recognized the purchaser’ s rights as taking effect December 20, 1876 % At all events, there clearly was evidence to submit to the jury, that the purchaser took actual possession December 27, 1876, and that from that date his actual possession was recognized and acquiesced in. This would still be prior to the maturity of any claim for storage, and therefore such compensation for storage was payable to the purchaser. The jury having answered all questions of fact in favor of the defendant that actual possession was not in plaintiff’s assignor when storage became due, it followed that storage, which became due thereafter, belonged to the purchaser at the foreclosure sale, and that defendant was entitled to a verdict.
Motion for a new trial denied with costs.