(17 App. Div. 319.)

### FARRELL v. NOEL.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

1. VENDOR AND PURCHASER—MARKETABLE TITLE—FORECLOSURE SALE.

　　One who takes a deed from a referee on foreclosure of a mortgage by action acquires a marketable title which he can compel a person agreeing to purchase from him to accept, though he does not show that the notices of sale were published as required by statute.

2. SAME—DEFECTS CURED BY LAPSE OF TIME.

　　A title derived from a referee's deed in a proceeding to foreclose a mortgage by action cannot be questioned by a purchaser of such title 20 years afterwards on the ground that the referee did not give notice of sale as required by statute, no objection having in the meantime been made by the parties to the foreclosure action.

　　Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by Peter Farrell against Kate B. Noel. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Henry A. Forster, for appellant.

Daniel T. Hays, for respondent.

RUMSEY, J. This was an action brought for specific performance of a contract, by which the defendant agreed to sell to the plaintiff certain premises situated in the city of New York. The contract was made on the 22d of May, 1895, and was to have been performed on the 2d day of July in that year. The performance was postponed by consent until the 8th day of July, at which time the parties met to examine the title offered by the defendant. At that time the plaintiff insisted that the title was imperfect, and for that reason refused to carry out the contract. The objections then made were five in number, but subsequently, as was found by the learned justice before whom this case was brought, all the objections but one were abandoned. The court upon the trial held that the objection which was insisted upon was not valid; that the defendant had a marketable title, which the plaintiff had no right to refuse; and that for that reason the plaintiff was in default. The court also held that, by reason of the facts subsequently occurring, it would be inequitable to direct specific performance, and for that reason dismissed the complaint.

The important question presented upon this appeal is whether the objection of the plaintiff to the defendant's title, as it appeared at the time when performance was tendered, on the 8th of July, 1895, was a valid objection, or whether the title then offered was a marketable title. The facts were that one link in the defendant's title was a referee's deed, given upon the foreclosure of a mortgage, in the month of May, 1876. This mortgage was foreclosed in an action. There is no complaint on the part of the plaintiff that the proceedings, down to and including the entry of judgment in the action, were not perfectly valid, or that the court did not acquire jurisdiction of all the parties defendant. The complaint is that there is no proof of the publication of notice of sale by the referee pursuant to the judgment. The facts are that the sale took place on the 26th day of May, 1876; that the referee's deed was given in due time after that sale, in the ordinary way, but the referee's report of the sale was never filed up to the time of the trial of the action. A report of sale made by the referee, and dated the 2d of April, 1896, was introduced in evidence by the plaintiff, which contained proof of the due publication of the notices; but no such report, of course, could have been in existence in 1895, and it is apparent that there was not at that time, in the possession of either party to the action, any proof that the notices were properly published. So the question presented is whether a person who takes a deed from a referee, in proceedings to foreclose a mortgage by action, acquires a marketable title to the property, so that one contracting to buy that property from him will be compelled to take such a title, although it has not been made to appear by him that the notices of sale were published as required by the statute. It may be conceded that the omission to publish the notice of sale is an irregularity, and will afford good ground for vacating and setting aside the

sale, but it is one which the parties are competent to waive. Bechstein v. Schultz, 120 N. Y. 168, 24 N. E. 388.

But the fact that a failure to publish is an irregularity is not decisive here. The question here is whether, after the deed has been given, the purchaser under the foreclosure is bound to show, as a part of his title, that the notice of sale was actually published, or whether the person who insists that there was no proper publication is bound to make that fact appear before he can insist that the title under the foreclosure sale is not good. We will be aided in the examination of this question by a consideration of the order in which the proceedings are taken in sales in actions of foreclosure. As is well known, the referee, having been appointed by the judgment of foreclosure and sale, publishes a notice of sale such as is required by the statute, and, at the time specified in that notice, proceeds to the sale. The purchaser at the sale is usually required to pay down a certain percentage of the amount of his bid, and to pay the remainder of his bid at some short time after the sale, at which time the referee executes and delivers to him a deed. The rules do not require that there should be any application to the court for leave to give a deed, nor any report to the court of the proceedings which have been taken between the time of the sale and the giving of the deed. In the nature of things, there is no occasion to make any such report, because the duty of the referee is, after having sold the property, to distribute the money in accordance with the provisions of the judgment, and then to make his report, to which, in the ordinary practice, is attached the notice of sale, with proof of its proper publication and service. But the purchaser who has bid off the property at the sale is bound, as we all know, to pay his purchase money, and to take a deed before the report of sale has been made. To be sure, if the proceedings have not been regular, he may refuse to do it; but he refuses at his peril, because, if the regular course of proceeding has been pursued, he will be bound to complete his bid, and to pay the expenses of any effort to be released from it. So we see that, in the ordinary course of events, the purchaser at a foreclosure sale is bound to do everything that is necessary to carry out the sale, and to receive from the referee his muniment of title before the proofs of publication are filed with the report of sale; and the law does not require, by any express provision, that the referee shall afterwards take any steps to complete the proof of the regularity of the sale. This proceeding differs from the proceedings in an action of partition in a very important particular. In partition, the referee makes his report of sale before any further steps are taken, and he does not execute a deed until after the report of sale has been confirmed (Code Civ. Proc. § 1577); so that, before the deed is executed, it has been made to appear to the court that all the steps necessary to the transfer of a regular title have been taken. Nothing of this is required in an action for foreclosure, but, so far as the purchaser at a foreclosure sale is concerned, the proceedings are ended when he pays his money and takes his deed, although proof of the publication of notice of sale has not then been filed. It must be that when the purchaser has paid his money and taken his deed, as he is required to do, that deed is a protection to him, and

45 N.Y.S.—14

passes the title which the referee is authorized to give upon the fore-
closure sale. Such, we think, is the result of the authorities in this
state. In the case of Fort v. Burch, 6 Barb. 60, this question was
squarely presented. The purchaser in an action for foreclosure
had brought an action for ejectment, basing his title solely upon the
master's deed. It appeared that the order confirming the sale had
not been entered at the time he brought the action, and, indeed, was
not entered until just before the trial. At the close of the plaintiff's
case, that fact having appeared, a motion for a nonsuit was made,
upon the ground that the title did not pass by the master's deed until
the sale had been properly confirmed, and therefore the action was
prematurely brought. The court denied the motion, holding that the
title passed by the master's deed. This holding of the court was sus-
tained, and the case affirmed at the general term. The same question
had been previously presented to the supreme court in the case of Ful-
ler v. Van Geesen, 4 Hill, 171, where the question was presented in pre-
cisely the same way, and received the same answer. In the case of
Clason v. Corley, 5 Sandf. 447, it was held that the statute vested
an estate in the purchaser upon and by force of the execution of the
master's deed. The case of Peck v. Ice Co., 18 Hun, 183, which is ap-
parently to the contrary, is not in fact so. The action was to recover
rent upon a lease, and the question was whether the facts proved made
out an eviction of the defendant under a paramount title. The defend-
ant was the lessee under a mortgagor. The mortgage had been fore-
closed, and the judgment of foreclosure provided that the tenant
was entitled to the possession of the mortgaged premises until a cer-
tain date, unless the purchaser presented his deed and an order of con-
firmation of the sale. It was claimed that the execution of the ref-
eree's deed of itself operated as an eviction, which was denied. The
court held that as, by the express terms of the judgment, the purchaser
was not entitled to go into possession until the sale had been confirmed
by an order of the court, there was no eviction until that time. The
court was not called upon to, and did not, pass upon the question as
to the effect of the deed standing alone. It appears, therefore, that
the title passed to Mrs. Noel's grantor when the referee's deed in fore-
closure had been made to him.

Was that title effective and marketable, in the absence of any proof
of an irregularity, or was it necessary that the person who insisted
that the title was not valid should put his finger upon the irregularity
which invalidated it? We think that the person objecting to the title
was bound to show that some act which was essential to its validity
had been omitted; and, in the absence of that proof, the defendant
was entitled to stand upon the deed which the referee had made. Un-
doubtedly, an omission to publish a notice of sale would have been
an irregularity, and any person interested might, at the proper time,
have taken advantage of it by a motion to set aside the sale; but
such an irregularity is one which must be taken advantage of within
a reasonable time, or it will be deemed to have been waived, and the
person seeking to take advantage of it is bound to show that the
irregularity actually existed. He must show that the notice of sale
was not properly published. The presumption in all these cases is

that everything was done properly by the referee, who was an officer of the court, and any one insisting that a necessary step was not taken is bound to make some proof of it. Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966. The only person who could take advantage of any such irregularity as this was a person who was interested in the estate, and he is bound to take advantage of it within a reasonable time; and he cannot lie by for many years, and then set aside the sale upon a mere technicality, which does not go to the jurisdiction of the court. In this case the sale took place on the 26th of May, 1876. The objection to the title was made in July, 1895. So far as appears, the objection was entirely negative in its character. There was no claim that the proper steps had not been taken preliminary to the sale, and in fact, as it appeared, they had been taken.

The claim was that it had not been made to appear by the defendant that the notice of sale had been published. We do not think that the defendant was required to make that proof, but we think that the person who insisted that there was a defect in the proceedings was bound to put his finger upon the defect, and show that it actually existed. Especially is this the case where no steps had been taken to question the sale for so many years. We think that the learned justice at the trial term was correct in holding, as he did, that there was no defect in the title, but that it was good.

The other objections which were taken at the time set for closing the title were waived upon the trial, as is found by the court; and, if they had not been waived, they were of no importance. Campbell v. Prague, 6 App. Div. 554, 39 N. Y. Supp. 558. As the plaintiff was not, therefore, justified in refusing the title at the time when a perfect title was offered to him, he is not now in a situation to insist that he should have a specific performance of this contract, and the court was justified in dismissing his complaint.

The judgment must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.