(28 Misc. Rep. 613.)

O'NEILL v. MORRIS.

(Onondaga County Court. July, 1899.)

1. LANDLORD AND TENANT—FORECLOSURE SALE AS EVICTION.

　　The sale of leased premises under a judgment in a mortgage foreclosure which adjudged that the purchaser at the foreclosure sale should be entitled to possession of the premises on production of the sheriff's deed, and a copy of the order confirming the report of sale, does not constitute an eviction, where there is no evidence of the production to the tenant of the certified copy of the order, so as to constitute a defense to an action by the lessor for rent which became due after the sale.

2. SAME—ACTION FOR RENT.

　　Under Code Civ. Proc. § 2720, which provides that, on the determination of the interest of a person in rents payable for a fixed period, he shall be entitled to his proportion thereof, but that the tenant shall only be liable to the person who would have been entitled to the entire rents, a lessor of premises sold at a mortgage foreclosure sale before the expiration of the month for which they were demised cannot recover for the period of occupation prior to the sale, where the rent is not, by the terms of the lease, payable before the end of the month.

3. JUSTICE OF THE PEACE—APPEAL—AMENDMENT—COSTS.

　　A motion, made on appeal from a justice court, for leave to amend a complaint so as to make it conform to the merits of the case, should only be granted on condition that plaintiff pay the costs of the amendment and appeal.

4. PLEADING—DEMURRER—ACTION FOR RENT.

　　The objection that a landlord cannot bring an action for rent for a part of a month, where it is payable monthly at the end thereof, cannot be taken by demurrer, where the complaint alleged a letting for a part of the month only.

Appeal from municipal court of Syracuse.

Action by Thomas R. O'Neill against Bryan Morris to recover rent. From a judgment in favor of plaintiff, defendant appealed. Reversed.

Frank Hopkins, for appellant.

Lewis & Crowley, for respondent.

ROSS, J. It is claimed by the defendant (appellant) that there was an eviction in November, before the rent became due, and that no recovery of a portion of a month's rent can be had in this case. I think the evidence fails to show an eviction, while it is true that the

title passed by the sheriff's deed of November 29th. Fort v. Burch, 6 Barb. 60; Fuller v. Van Geesen, 4 Hill, 171; Farrell v. Noel, 17 App. Div. 323, 45 N. Y. Supp. 207. In Giles v. Comstock, 4 N. Y. 274, Taylor, J., says (page 274):

"The deed alone, without the order, and before confirmation, was sufficient to sustain a suit in ejectment against a wrongdoer; for, if there were any doubt of such a proposition, says Judge Cowen, all question would be removed by the doctrine of relation. The sale and deed being afterwards confirmed by an order, this related to the date of the deed, thus overreaching the claim of a mere intruder into the premises. Fuller v. Van Geesen, 4 Hill, 172. But nowhere do I find that the courts have gone the length of sustaining an eviction of one in rightful possession before the time fixed by the decree for the surrender of possession."

The possession of the defendant was lawful. It presumably continued until it is affirmatively shown to have been terminated by the expiration of the lease, or by the violation of its provisions upon the part of the tenant, followed by a judgment of dispossession, or by the judgment of a competent court establishing the right of possession by one claiming under a paramount title. The conditions upon which the purchaser under the foreclosure was entitled to possession (i. e. production of a sheriff's deed and a certified copy of the order of the sale) have not, so far as appears in the evidence, been performed. The eviction, to be a defense, must have taken place before the rent became due,—in this case, before November 30, 1898. No proof is offered to show that this ever has taken place. Giles v. Comstock, 4 N. Y. 270, 275; Whalin v. White, 25 N. Y. 464; Clason v. Corley, 5 Sandf. 447; Peck v. Ice Co., 18 Hun, 183. The passing of title is not of itself an eviction.

If the foregoing is correct, had the plaintiff sued to recover the rent for the month of November, the facts before me would sustain a recovery. It is, however, evident that the plaintiff did not seek a recovery of the rent for the month of November. This is evident from the language of the complaint, "For rent, twenty dollars, for Nov. 1st to 25th;" there being not only an expressed limitation upon the time for which a recovery is sought (1st to 25th), but the amount demanded ($20) shows that the plaintiff sought to recover for a portion of the rent. In other words, assuming that his estate terminated upon November 25th, and that there could be no apportionment of rents, the amount of the judgment for damages ($17.34) recovered shows conclusively that the court below proceeded upon the claim of apportionment of rent. There can be no apportionment of rent in this case, and consequently no recovery upon such claim. Prior to the enactment of chapter 542, Laws 1875, there could be no apportionment of rents, in the absence of agreement or statute, between landlord and tenant, in respect to time. Zule v. Zule, 24 Wend. 76; Mayor, etc., v. Ketchum, 67 How. Prac. 166. The provision of the act of 1875, re-enacted in section 2720, Code of Civil Procedure, prohibits a severance of actions for apportioned parts of rents, "but the entire rents of which such apportioned parts formed parts, must be collected and recovered by the person or persons who, but for this section, or chapter five hundred and forty-two of the Laws of Eighteen Hundred and Seventy-Five, would have been entitled to the entire rents."

There is no such person or persons in this case.    The plaintiff could not recover the entire rent for the month of November (that is, assuming the termination of his estate on November 29th), because his estate had terminated before the rent became due.    The purchaser upon the foreclosure sale could not recover.    Cheney v. Woodruff, 45 N. Y. 98.

But there is another difficulty beyond the limitation of the statute, —a difficulty which is elementary; that is, there can be no recovery by the plaintiff for a portion of the rent, because, if the estate of the plaintiff ceased before the rent became due, he violated the terms of his agreement, and cannot recover upon an agreement he has broken. The tenant in the case of People v. Globe Mut. Life Ins. Co., 65 How. Prac. 81, was not a wrongdoer, had violated no provision of his agreement, but sought to recover back the proportion of the rent paid in advance under protest, which related to the time after the termination of the landlord's estate.    The landlord, the receiver of the defendant, was ordered to restore the amount so claimed.    In the case of Cummings v. Rosenberg, 6 Misc. Rep. 538, 27 N. Y. Supp. 134, the rent was payable monthly in advance, and the landlord was allowed to recover the entire rent for the month of February, although the tenant was evicted on the 18th of the month, under a judgment of foreclosure in which the landlord and tenant (the plaintiff and defendant) were parties.    This judgment may possibly be correct, because at the time the rent became payable the landlord had not violated the terms of his agreement; but I respectfully dissent from the statement in the opinion, not necessary to the decision of the case, "If it was not for the fact that the pleadings admitted that the rent was payable monthly in advance, the plaintiff would only be entitled to rent up to February 18th" (the time of the surrender of the premises to the purchaser).

For the foregoing reasons, the plaintiff cannot recover upon the claim he has made.    Ordinarily, substantial justice will be promoted by a decision of a cause of action upon the merits, rather than that a meritorious cause of action should be defeated by an erroneous pleading.    The plaintiff should, in furtherance of justice, be allowed to amend his complaint.    But, notwithstanding the liberality of the courts in allowing the pleadings in justices' courts to be amended upon appeal, I think that, before an amendment is allowed upon appeal, the adverse party should be either given ample time to prepare for such new issue in the case of a new trial, or, in the case of an appeal of this character upon questions of law, should be as nearly as possible placed in the position he occupied before he acted upon the claim made by his adversary.    The contention of the defendant's counsel, that there can be no apportionment of rents in this case, is correct; and to allow an amendment to sustain an appeal, without terms, would be to reward his knowledge of the legal situation with the requirement that his client pay a bill of costs.    Nearly all of the cases cited by the plaintiff's attorney upon this branch of the case were instances of amendments allowed or refused by the justice before or during the trial, or cases tending to show the liberal construction given to pleadings in justices' courts.    In the case of Argersinger

v. Lever, 7 N. Y. Supp. 923, the plaintiff was allowed to amend his complaint upon an appeal upon questions of law, but costs were imposed as a condition of such amendment. The county court in that case had to either affirm or reverse, not having the right to grant a new trial upon such terms as are just, as is given this court by the provisions regulating appeals from the municipal court of the city of Syracuse. Laws 1898, c. 530, § 5. The claim by the plaintiff's attorney that the objection to the form of pleading was waived by not demurring or specifically objecting upon the trial is not well taken, as the complaint was sufficient upon its face; the evidence offered was admissible; the plaintiff could not be compelled to change his claim to one that was valid; and the defendant has had to appeal to legally determine that such an amendment as is asked is necessary. The plaintiff's application to amend his complaint is granted, and he may amend the same as he may desire,—not, however, to claim more than the rent for the month of November,—upon payment of $10 costs of such amendment and the disbursements of this appeal. The judgment is reversed, without costs, and a new trial ordered before W. G. Cady, one of the judges of the municipal court of the city of Syracuse, at a time on the ——— day of ———, 1899, to be fixed in the judgment to be entered herein. If, however, the plaintiff does not elect, on or before the day so fixed in the judgment to be entered herein, to amend his complaint, and to pay the costs imposed as condition of such amendment or discontinuance, in that event the judgment is reversed, with costs.

Judgment reversed, with costs.