### MASON v. LENDEROTH.

(Supreme Court, Appellate Division, Second Department.    November 20, 1903.)

1. LANDLORD AND TENANT—MORTGAGE FORECLOSURE OF PREMISES—EFFECT.
    A landlord can recover from his tenant rent for the full period preceding a foreclosure sale of the premises.

2. SAME—COVENANT FOR QUIET ENJOYMENT—BREACH.
    A mere foreclosure sale of leased premises does not constitute a breach of the landlord's covenant for quiet enjoyment, but the tenant's possession must be actually disturbed.

3. SAME—ESTIMATE OF DAMAGES.
    Where it does not appear at what time the referee's deed under a foreclosure sale was delivered to the purchaser, damages claimed by a tenant for breach of covenant of quiet enjoyment thereby occasioned cannot be computed.

¶ 2. See Covenants, vol. 14, Cent. Dig. § 136; Landlord and Tenant, vol. 32, Cent. Dig. § 473.

4. FORECLOSURE JUDGMENT—CONFORMITY TO RULES OF PRACTICE—PRESUMP-
TION.

On appeal the Supreme Court will assume that a judgment of foreclo-
sure and sale of leased premises, alleged to have constituted a breach
of covenant for quiet enjoyment, contained the direction required by rule
61 of the general rules of practice—that the purchaser be let into posses-
sion on production of the deed.

Appeal from Municipal Court, Borough of Richmond, First Dis-
trict.

Action by Lulu Mason against William Lenderoth. From a judg-
ment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HOOKER, JJ.

John S. Wise, Jr., for appellant.
Aaron Morris, for respondent.

WOODWARD, J. During the month of September, and until the
20th or 25th day of October, 1901, the defendant was occupying the
plaintiff's premises as tenant under a written lease, by the terms of
which he agreed to pay the plaintiff the monthly rental of $25 from
May 1, 1901, to May 1, 1902. No rent was paid under the lease for
the said months of September and October, and this action was
brought to recover the amount alleged to be due for those months.
At the time the lease was executed and delivered there was a mort-
gage on the demised premises, and in June, 1901, an action was begun
to foreclose this mortgage. The defendant, as lessee in possession
of the mortgaged premises, was made a party defendant, and duly
served with the summons and notice of the object of the action. Judg-
ment of foreclosure and sale was entered on October 7, 1901. On
November 1, 1901, the property was sold pursuant to such judgment,
and at some time thereafter the referee's deed was delivered to the
purchaser. Meanwhile, and between October 20 and 25, 1901, the de-
fendant voluntarily gave up possession and occupancy of the premises.
Upon this state of facts the defendant was awarded judgment against
the plaintiff in this action for $100 damages and costs upon his
counterclaim for damages alleged to have been sustained by reason,
as is alleged, of the termination of the lease by the said judgment of
foreclosure and sale.

There was no attempt to show actual eviction, and there could have
been no constructive eviction, in any event, before the foreclosure sale
and the delivery of the referee's deed to the purchaser. Until that
time, at the earliest, the rights of the parties as landlord and tenant
were not affected by the foreclosure action. Whalin v. White, 25 N.
Y. 462; Mitchell v. Bartlett, 51 N. Y. 447; Peck v. Knickerbocker Ice
Co., 18 Hun, 183; Cummings v. Rosenberg, 6 Misc. Rep. 538, 27
N. Y. Supp. 134; O'Neill v. Morris, 28 Misc. Rep. 613, 59 N. Y. Supp.
1075. The owner of the equity of redemption in the lands mortgaged
was entitled to the rents which became due down to the period when
the purchaser became entitled under the decree of sale to the posses-
sion of the premises. Clason v. Corley, 5 Sandf. 447. If the judg-
ment contained the proper provision, this was "on production of the

deed." Rule 61, Gen. Rules Prac.; Mitchell v. Bartlett, supra. But in no case could the time arrive before the date of the sale. The sale took place on November 1, 1901, and, so far as the record shows, the rent for the two preceding months had then become due. There having been no eviction before the rent claimed by the plaintiff became due, judgment for the full amount demanded in the complaint was proper. Giles v. Comstock, 4 N. Y. 270, 53 Am. Dec. 374.

The defendant, however, insists that he was compelled to, and did, vacate the premises by reason of the foreclosure action; that he was thereby disturbed in the beneficial enjoyment of the premises, and there was consequently a breach by the plaintiff of the covenant for quiet enjoyment contained in the lease. The covenant was in these words:

"And the said landlord doth covenant that the said tenant on paying the said monthly rent and performing the covenants aforesaid, shall and may peaceably and quietly have, hold and enjoy the said demised premises for the term aforesaid."

The alleged breach of the covenant was perhaps a proper subject of counterclaim in this action. Mayor v. Mabie, 13 N. Y. 151, 64 Am. Dec. 538. But the fact of eviction was not established, within the requirements of the adjudicated cases. The defendant was bound to show an eviction or an actual ouster by a paramount lawful title. Parkinson v. Sherman, 74 N. Y. 88, 93, 30 Am. Rep. 268, and cases cited. While an eviction may undoubtedly be worked without resort to physical force or legal process (The Home Life Ins. Co. v. Sherman, 46 N. Y. 370), an examination of the record fails to show that the defendant yielded possession of the premises under any of the circumstances which the courts have held sufficient disturbance of quiet enjoyment to constitute eviction. The covenant for quiet enjoyment goes only to the possession, not to the title. St. John v. Palmer, 5 Hill, 599; Fowler v. Poling, 6 Barb. 165. Mere apprehension of eviction created in a tenant's mind by a judgment of foreclosure under a mortgage prior to his lease is not legally sufficient to warrant him in fleeing from the demised premises, and in claiming damages as in case of actual ouster. Change of title to the leased premises is not of itself necessarily inconsistent with a tenant's peaceable possession. No more than a bare transfer of title was shown at the trial of this action. It does not appear but the defendant might have retained his possession unmolested until the expiration of his term. In a new action brought by the defendant against the plaintiff for breach of his covenant, it might, perhaps, be established that there was an actual eviction or ouster of possession; but the record, which is the sole guide for this court, does not disclose the fact. Even if it be assumed that the title and right to possession were asserted against the defendant at the time the referee's deed was delivered to the purchaser, it is impossible to determine the amount of the defendant's damage, on the theory that the measure of damages is the value of the unexpired term, less the rent reserved in the lease (Mack v. Patchin, 42 N. Y. 167, 1 Am. Rep. 506), for the reason that it nowhere appears when the deed was delivered, and therefore the length of the unexpired term cannot be ascertained. Until the deed was delivered, the title did not pass

out of the defendant's lessor (Mitchell v. Bartlett, supra), and no paramount title could have been asserted against the defendant, or recognized by him.

For the purposes of this appeal it must be assumed that the judgment of foreclosure and sale was in the usual form (Cowdrey v. Coit, 44 N. Y. 382, 4 Am. Rep. 690), and therefore that it contained the direction required by rule 61 of the general rules of practice; that is, "that the purchaser at such sale be let into possession of the premises on production of the deed." We are not informed that this provision was ever complied with, and so must conclude that no title paramount to his lessor's was at any time properly asserted against the defendant. The cases of Mitchell v. Bartlett, supra, and Peck v. Knickerbocker Ice Company, supra, are controlling on this point.

Upon the whole case as presented in the record returned to this court, we believe the judgment should be reversed and a new trial granted; costs to abide the event. All concur.